ANDERSON-BERNEY REALTY COMPANY V. PLASIDA SORIA.

No. 6008.  Decided December 30, 1933.
Rehearing overruled February 7, 1934.
(67 S. W., 2d Series, 222.)

*Bryan, Stone, Wade & Agerton,* of Fort Worth, for plaintiff in error.

The Workmen's Compensation Law of Texas provides that if an employer ceases to be a subscriber thereto he shall on or before the date on which his policy expires give notice to that effect at three public places around the premises. The statute does not prescribe specifically the legal consequence of such failure, but it does prescribe quite definitely that in order for an employee to recover from an employer it shall be necessary to prove negligence on the part of the employer proximately causing the injury. No such negligence was alleged or shown in thise case and the judgment against the defendant is unwarranted. Peters v. Clement, 46 Texas, 114; Carlisle & Co. v. King, 122 S. W., 581; Nelson v. Brown, 111 S. W., 1106.

*McLean, Scott & Sayers* and *Levy & Evans,* all of Fort Worth, for defendant in error.

When Anderson-Berney Realty Company, without having given notice to its employees that it had ceased to become a subscriber to the Workmen's Compensation, permitted the deceased Victoriano Soria to continue as an employee under the terms of the original contract of employment, it became liable to pay appellee the surviving wife of Victoriano Soria, the value of the compensation she would have received but for the failure of appellant to continue the policy of compensation insurance without notice to the employees. R. C. L., vol. 6, p. 855, par. 243; Hamburg v. Garlington, 66 Texas, 103; Kerr v. Galloway, 94 Texas, 641; United States v. Quincy, 71 U. S. (4 Wall.) 535, 18 L. Ed., 403; State v. Wotring, 56 W. Va., 394, 49 S. E., 365.

Mr. Justice PIERSON delivered the opinion of the court.

On July 13, 1928, the Anderson-Berney Realty Company, which was then engaged in laying out and grading a tract of ground near Fort Worth for a golf course, took out a policy of compensation insurance with respect to such work. The policy by its terms was effective from July 13, 1928, to January 13, 1929. While the policy was in effect Victoriano Soria went to work for the Realty Company. As a part of his duties he was serving in the capacity of night watchman, and lived in a house belonging to the Realty Company situated on or near the premises where he was working.

On the morning of February 24, 1929, Soria was found in the house where he was living in an unconscious and seriously wounded condition. He died the next day, without having regained consciousness.

Plasida Soria, the defendant in error, brought this suit

against the Realty Company for damages resulting from the death of Victoriano Soria. The jury found in answer to special issues that prior to his injuries Soria did not know that the Realty Company had ceased to be a subscriber to workmen's compensation insurance. It found also that prior to said injuries notices to the effect that the said Realty Company had ceased to be a subscriber had not been posted in three public places around the premises where Soria was working.

Upon this verdict the trial court rendered judgment for defendant in error in the amount of $3,073.26, being the sum she would have been entitled to recover from the insurer had the Realty Company not ceased to become a subscriber to the workmen's compensation insurance. On appeal to the Court of Civil Appeals at Fort Worth this judgment was affirmed. A writ of error was granted by this Court on application of the Realty Company, which brings the case here for review.

■ The constitutionality and validity of the Texas Workmen's Compensation Law has been upheld on the theory that when the employer becomes a subscriber and the employee accepts employment from such subscribing employer, both the employer and employee have voluntarily agreed that certain rights and remedies existing under the common law should not be operative as between them, but, instead, the provisions of the Workmen's Compensation Law should govern their dealings. Middleton v. Texas Power & Light Co., 108 Texas, 96, 185 S. W., 556; Southern Casualty Co. v. Morgan (Com. App.), 12 S. W. (2d) 200; Oilmen's Reciprocal Association v. Franklin, 116 Texas, 59, 286 S. W., 195. This is just another way of saying that the provisions of the Workmen's Compensation Law became a part of the contract of employment.

■ The law and the acts of the parties in accepting its provisions and acting under its terms create a contractual relation between the employer and the employee. Section 3c, Art. 8306, reads:

"Sec. 3c. From and after the time of the receipt by the Industrial Accident Board of notice from any employer that the latter has become a subscriber under this law, all employes of said subscriber then and thereafter employed, shall be conclusively deemed to have notice of the fact that such subscriber has provided with the association for the payment of compensation under this law. If any employer ceases to be a subscriber he shall on or before the date on which his policy expires give notice to that effect to the Industrial Accident Board, and to such subscribers' employes by posting notices to that effect in

three public places around such subscribers' plant. (Acts 1923, p. 384)."

It will be observed that Section 3c provides that notice given by the employer to the Industrial Accident Board that it had taken out a policy of insurance for the protection of its employees was notice to the employees of such employer. Sections 3a and 3b of Article 8306 provide that unless the employee gives notice to the employer that he declines to accept employment under the terms of the Act, he is bound by the Act, and his rights are controlled thereby.

Thus the law and the action of the parties creates a contract and a contractual relation which is operative and effective under the terms and provisions of the law. The argument that proof of *actual knowledge* on the part of the employee that his employer is a subscriber is necessary in a case in order to establish a contract, is beside the mark here.

■ In construing and applying Section 3c, Article 8306, it was held in the case of Zurich General Accident & Fidelity Ins. Co., Ltd. v. Walker, 35 S. W. (2d) 115 (Commission of Appeals), in an opinion by Judge Leddy, that after filing of such report (the notice to be filed with the Industrial Accident Board as required in the first part of Section 3c), the employee shall be conclusively deemed to have notice that his employer has provided insurance for his employees under the Workmen's Compensation Law.

In bringing about the meeting of minds in regard to the continuance of the contract, the last half of Section 3c is no less efficacious, wherein it provides that in order to discontinue the contractual relationship the employer "shall on or before the date on which his policy expires give notice * * * to such subscribers' employes by posting notices to that effect in three public place around such subscribers' plant."

If the employee is conclusively held to know of the existence of the insurance in his behalf, so it must be held that he in fact has a right to rely upon its continuance unless he has notice of its discontinuance.

In effect the employer says to his employee, "I am operating under the terms of the Workmen's Compensation Act, and our contractual relations are to be governed thereby. I am carrying insurance to protect you from injury while in my employment. If you will accept my employment, I will keep you insured against injury, and if I should cease to have you insured, I will give you notice of that fact."

■ Anderson-Berney Realty Company obligated itself to keep

Victoriano Soria insured from loss or damage on account of injury while in its employment, unless said agreement was terminated by the statutory notice. The facts as stated above show that Soria was living on or near the premises of the company, and acting as guard and protector of its property, and that in doing so he was killed, probably by robbers, while he was in the performance of his duties as such employee. Plaintiff in error breached its agreement and contract to keep Soria insured, and at the time he was killed it had no insurance for his protection. Thus it breached its contract, and is liable therefor in the same manner, and to the same extent, as if it had performed its contract of keeping active such insurance.

It is contended by plaintiff in error that its status is the same as if it had never taken out a policy of insurance for the protection of its employees, and that at most it is only deprived of its common law defenses, as provided in the statute, of contributory negligence, negligence of a fellow employee, and assumed risk, and that it is necessary for defendant in error, in order to recover, to show that *it was guilty of negligence* which proximately caused the death of Victoriano Soria. When we analyze the situation from the standpoint of the employee, however, it becomes obvious that the employer who has insurance, but permits it to lapse, without notice, is in a substantially different position from that occupied by an employer who had never become a subscriber. An employer is not to be allowed to breach his statutory duty and then claim that he is in the same position as if he had never assumed that duty.

As we have stated, the acts of the parties, authorized and provided by statute, created a contractual relationship between the company and Soria, and in the absence of notice of the discontinuance of the insurance policy, the contract existed to the effect that the company would keep Victoriano Soria insured against injury while in the course of his employment, and this is true regardless of the question of whether or not the company was guilty of negligence which caused the injury to Soria. Inasmuch as it failed to discharge its duty to Soria in this regard, it is liable to his beneficiary for such failure and to the extent of such obligation. Therefore, defendant in error Plasida Soria is entitled to recover, under the terms of the law, the same as if Victoriano Soria had been protected by a regular policy of insurance in a properly authorized insurance company. This leads to the conclusion that the judgments of the District Court and of the Court of Civil Appeals, to that effect, should be affirmed,—and it is so ordered.