Fredrick E. WATKINS, Appellant,

v.

**DIVERSITECH CORPORATION,**
Appellee.

No. 01–98–01262–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

March 25, 1999.

Kurt Arbuckle, Houston, for Appellant.

Dwayne Richard Day, Houston, for Appellee.

Panel consists of Justices COHEN, HEDGES, and NUCHIA.

## OPINION

ADELE HEDGES, Justice.

Appellant, Fredrick E. Watkins, sued appellee, Diversitech Corporation. The trial court granted appellee's motion for summary judgment. In two issues presented, Watkins contends that: (1) the trial court erred in rendering summary judgment on his claim of wrongful discharge under the Texas Workers' Compensation Act and (2) the trial court erred in rendering summary judgment on his common-law claim of wrongful discharge. We affirm.

### Background

Watkins filed suit against Diversitech, his former employer, alleging that he was discharged for filing a claim under the Texas Workers' Compensation Act. TEX. LAB.CODE ANN. § 451.001 (Vernon 1996).[1] In the alternative, Watkins alleged that his termination was wrongful under the common law. It is undisputed that Diversitech was a nonsubscriber under the Texas Workers' Compensation Act.

### Standard of Review

Summary judgment is proper only when a movant establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995). In reviewing the summary judgment, we indulge every reasonable inference in favor of the nonmovant, resolve any doubts in its favor, and take as true all evidence favorable to it. *Id.; Bangert v. Baylor College of Med.,* 881 S.W.2d 564, 565–66 (Tex.App.—Houston [1st Dist.] 1994, writ denied). A defendant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of each of the

---

1. § 451.001. Discrimination Against Employees Prohibited

   A person may not discharge or in any other manner discriminate against an employee because the employee has:
   (1) filed a workers' compensation claim in good faith;

   (2) hired a lawyer to represent the employee in a claim;
   (3) instituted or caused to be instituted in good faith a proceeding under Subtitle A; or
   (4) testified or is about to testify in a proceeding under Subtitle A.
   (footnote omitted).

plaintiff's causes of action. *Johnson,* 891 S.W.2d at 644.

### Texas Workers' Compensation Act

■ Diversitech moved for summary judgment on Watkin's section 451.001 claim based on the recent holding in *Texas Mexican Railway Co. v. Bouchet,* 963 S.W.2d 52 (Tex. 1998). In *Bouchet,* the supreme court held that the protection offered by section 451.001, prohibiting an employer from unfairly discharging or discriminating against employees who file workers' compensation claims, did not apply to nonsubscribing employers. *Id.* at 55–56. The court held that the legislative intent was to apply section 451.001 only to employers who subscribe under the Act. *Id.* at 56.

Watkins argues that his claim can be distinguished from *Bouchet.* Bouchet's employer was covered by the Federal Employer's Liability Act (FELA). 45 U.S.C.A. §§ 51–60 (Lexis 1981 and Supp.1998). Watkins adopts the argument in the concurring opinion that Bouchet was not entitled to sue under section 451.001 because his original claim against his employer was brought under FELA and not under the Texas Workers' Compensation Act. *Bouchet,* 963 S.W.2d at 59 (Spector, J., concurring and dissenting). Thus, Bouchet never instituted, or caused to be instituted, in good faith, any proceeding under the Texas Workers' Compensation Act. *See* Tex. Lab. Code Ann. § 451.001(3) (Vernon 1996).

Watkins contends that his original claim against Diversitech was brought under the Texas Workers' Compensation Act because the Act sets forth specific principles governing an employee's suit against a nonsubscribing employer. Tex. Lab.Code Ann. § 406.033 (Vernon 1996). However, the *Bouchet* court disapproved of *Texas Health Enterprises, Inc. v. Kirkgard,* 882 S.W.2d 630 (Tex.App.—Beaumont 1994, writ denied), and *Hodge v. BSB Investments, Inc.,* 783 S.W.2d 310 (Tex. App.—Dallas 1990, writ denied), to the extent that they held that an employee could assert a wrongful discharge claim against an employer who did not subscribe to the Texas Workers' Compensation Act. Kirkgard and Hodge were in the same position as Watkins.

Based on the clear mandate in *Bouchet,* Diversitech's summary judgment was proper on this ground.

We overrule issue one.

### Common Law

■ Watkins contends that there should be a common-law cause of action for wrongful termination against a nonsubscribing employer who discharges an employee for making a claim against that employer for personal injuries sustained on the job. Watkins points out that *Bouchet* did not deal with a common-law claim and that the result of *Bouchet* leaves many employees without protection when making a claim for an on-the-job injury. Watkins argues that *Bouchet* will encourage employers to become nonsubscribers.

Watkins acknowledges that he does not come within any of the statutory or common-law exceptions to the employment at-will doctrine, but asks this court to recognize this cause of action based on public policy considerations. We decline to do so at this time on these facts.

We overrule issue two.

We affirm the judgment of the trial court.