Willie ADDISON, Appellant

v.

DIVERSIFIED HEALTHCARE/DAL-LAS, L.L.C. d/b/a Brookhaven Nursing Center, Appellee.

No. 05–11–01455–CV.

Court of Appeals of Texas, Dallas.

Aug. 28, 2012.

John E. Wall Jr. and Kolter C. McKenzie, Law Offices of John E. Wall, Jr., Dallas, TX, for Appellant.

Deanne C. Ayers and Julie B. Tebbets, Ayers & Ayers, Colleyville, TX, for Appellee.

Before Justices FITZGERALD, MURPHY, and FILLMORE.

## OPINION

Opinion By Justice MURPHY.

Willie Addison appeals the trial court's summary judgment granted in favor of Diversified Healthcare/Dallas, L.L.C. d/b/a Brookhaven Nursing Center in Addison's retaliatory discharge lawsuit. Addison contends his evidence that Brookhaven held itself out as a workers' compensation subscriber is sufficient to allow his suit under section 451.001 of the Texas Labor Code. *See* Tex. Lab.Code Ann. § 451.001 (West 2012). As a non-subscriber, Brookhaven is not subject to a section 451.001 retaliatory discharge suit, which is the only claim asserted by Addison. We affirm.

## BACKGROUND

Addison was working as a cook for Brookhaven, a long-term-care nursing facility in Carrollton, Texas, when he injured his back while lifting approximately fifty pounds of various food items.[1] The incident occurred within hearing of his supervisor, Diana Williams, who—after hearing

Addison complain about his injury—told him to turn in his keys and badge and to leave the premises. He then attempted to meet with the facility administrator, who was out of the office at the time.

While waiting for the administrator to return, Addison briefly consulted with a nurse at the facility, who recommended he seek help from a doctor. Williams repeatedly walked past Addison during this time and urged him to leave the premises. When the administrator returned, he informed Addison that Williams had the authority to fire him and that her decision was final.

Addison went to the Baylor Medical Center emergency room across the street from Brookhaven, where he was diagnosed with a strained back. Brookhaven terminated Addison that day and did not extend any benefits or payments to Addison as a result of his injury.

Addison sued Brookhaven alleging a retaliatory discharge claim under the Texas Workers' Compensation Act. *Id.* Brookhaven moved for summary judgment, arguing that because it does not carry state-approved workers' compensation insurance and is therefore not a subscriber, it cannot be held liable under the Act. Addison responded that Brookhaven's representation of itself to be a subscriber rendered it subject to section 451.001. The trial court granted Brookhaven's motion, and Addison appeals that judgment.

## DISCUSSION

### Standard of Review

Brookhaven filed a traditional motion for summary judgment, which we review under established standards. *See* Tex.R. Civ.

---

1. For purposes of our summary-judgment analysis, we view the evidence in the light most favorable to Addison.

P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). We review de novo whether Brookhaven proved its right to prevail as a matter of law. *Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 175 (Tex.App.-Dallas 2000, pet. denied). As the moving party, Brookhaven had the burden of showing that no genuine issue of material fact exists and that it was entitled to judgment as a matter of law. *See Nixon*, 690 S.W.2d at 548–49. A matter is conclusively established if ordinary minds cannot differ on the conclusion to be drawn from the evidence. *AN Collision Ctr. of Addison, Inc. v. Town of Addison*, 310 S.W.3d 191, 193 (Tex.App.-Dallas 2010, no pet.). In deciding whether Addison presented a disputed material fact issue, we will indulge every reasonable inference and resolve any doubts in his favor and take as true evidence favorable to him. *Id.*

### Applicable Law

Addison sued Brookhaven under section 451.001 of the Act. TEX. LAB.CODE ANN. § 451.001. The Act governs the compensation and insurance coverage of employees who are injured while acting in the course and scope of their employment. *See id.* § 401.011(10), (12). It designates as a "subscriber" an employer who makes a contract for hire, employs one or more persons, and carries workers' compensation insurance from a provider approved by the Texas Department of Insurance. *Id.* § 401.011(18); *Exxonmobil Corp. v. Kirkendall*, 151 S.W.3d 594, 598–99 (Tex. App.-San Antonio 2004, pet. denied). Generally, providing state-approved workers' compensation insurance is optional to the employer, and only employers who elect to obtain coverage are subject to the Act. TEX. LAB.CODE ANN. § 406.002. Employers who decline to purchase or who discontinue workers' compensation coverage must report that action to the Texas Depart-

ment of Insurance. *Id.* § 406.004. That election is reported to the department on its approved "Employer Notice of No Coverage or Termination of Coverage" form.

An employer is prohibited under the Act from firing an employee who files a workers' compensation claim in good faith, has hired an attorney to represent him in a claim, or who participates in administrative review proceedings regarding pending claims. *Id.* § 451.001. An employer who violates this "retaliatory discharge" provision is liable for damages and must reinstate the employee. *See id.* § 451.002. Only subscribing employers are subject to the prohibition of this statute; a non-subscribing employer assumes no liability for discharging an employee even if that employee takes the steps outlined in section 451.001. *Tex. Mexican Ry. Co. v. Bouchet*, 963 S.W.2d 52, 53 (Tex.1998); *Watkins v. Diversitech Corp.*, 988 S.W.2d 440, 441 (Tex.App.-Houston [1st Dist.] 1999, pet. denied).

### Analysis

■ Addison claims in two issues, which are substantially the same, that the trial court erred in granting summary judgment because he provided evidence that Brookhaven held itself out to be a workers' compensation subscriber. Under *Bouchet*, only subscribing employers are subject to section 451.001 claims. *See Bouchet*, 963 S.W.2d at 56. Thus, we first must determine whether Brookhaven is a subscriber under the Act.

■ The determination of an employer's status as a subscriber is a question of law that we review de novo. *Kirkendall*, 151 S.W.3d at 598. To be a subscriber, an employer must carry workers' compensation insurance from a provider approved by the Texas Department of Insurance. *Id.* at 598–99; *see also* TEX. LAB.CODE ANN.

§ 401.011(18). An employer seeking to establish subscriber status at the time its employee sustained injuries would have to show it had workers' compensation insurance in effect from an insurance company authorized to write workers' compensation insurance in the State of Texas. *Kirkendall*, 151 S.W.3d at 599. Likewise, it establishes the converse by showing it had no such insurance.

As evidence that it is a non-subscriber, Brookhaven provided an affidavit from its Texas administrator stating that it did not carry workers' compensation insurance coverage. It also provided an "Employer Notice of No Coverage or Termination of Coverage" on file with the Texas Department of Insurance. The notice states that Brookhaven had elected not to obtain workers' compensation insurance under the Act. Addison offers no contradictory evidence. Thus, the summary-judgment evidence demonstrates that Brookhaven is not a subscriber under the Act.

Addison argues that because Brookhaven held itself out to be a subscriber, it can be sued for section 451.001 violations. As evidence that Brookhaven held itself out as a subscriber, Addison points to a section of Brookhaven's employee handbook entitled "Workers' Compensation" that states, "Consistent with this policy and applicable laws, our company maintains workers' compensation insurance on all employees." Brookhaven argues this provision references a benefits plan that compensates employees for injuries received on the job but is not a workers' compensation plan governed by the Act. Even assuming Brookhaven held itself out as a subscriber, that "holding out" will not support a section 451.001 claim against a non-subscriber under the Act. Only subscribing employers can be subject to section 451.001 claims. *Bouchet*, 963 S.W.2d at 56; *see also City of LaPorte v. Barfield*, 898 S.W.2d 288, 293 (Tex.1995) ("Forbidding retaliation against an employee for seeking monetary benefits under the Worker's Compensation Law presupposes that the employer is a subscriber."), *superseded by statute*, TEX. LABOR CODE ANN. § 504.053(e) (West 2006), *as recognized in Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54 (Tex.2011); *Watkins v. Diversitech Corp.*, 988 S.W.2d 440, 441 (Tex.App.-Houston [1st Dist.] 1999, pet. denied); *Leger v. Tex. EMS Co.*, 18 F.Supp.2d 690, 696 (S.D.Tex.1998).

■ Addison argues that, notwithstanding *Bouchet*, this case presents a question of first impression and that the fair notice requirements under the express-negligence doctrine should be applied. *See Ethyl Corp. v. Daniel Constr. Co.*, 725 S.W.2d 705 (Tex.1987). Under that doctrine, a party seeking to indemnify itself from the consequences of its own negligence must express that intent in specific terms within the four corners of the parties' contract. *Id.* at 708. Addison suggests that the Texas Supreme Court's decision in *Storage & Processors, Inc. v. Reyes*, 134 S.W.3d 190 (Tex.2004), extends the fair notice requirements under the express-negligence doctrine to workers' compensation claims. In *Storage & Processors*, a non-subscribing employer provided benefits to an injured employee, who then sued the employer for negligence. 134 S.W.3d at 191. The court concluded that an employer must satisfy the fair notice requirements of the express-negligence doctrine when enrolling an employee in a non-subscriber workers' compensation benefits plan. *Id.* at 194. But the employee in *Storage & Processors* filed a negligence claim, not a statutory claim under the Act. Nothing in *Storage & Processors* suggests that the fair notice requirements of the express-negligence doctrine apply to a section 451.001 claim.

We decline to extend the doctrine to Addison's claim under the Act.

Addison also cites other cases in support of his argument that, based on the quoted provision in the employee handbook, Brookhaven can be sued for violations of section 451.001 as if it were a subscriber. These cases do not support an extension of the law. In *Anderson–Berney Realty Co. v. Soria,* 123 Tex. 100, 67 S.W.2d 222 (1933), a subscribing employer allowed its workers' compensation coverage to lapse without properly notifying employees of the change. The court held that the employer's failure to notify the employee constituted a breach of the employment contract, and the employee was thus due the compensation he would have received had the employer remained covered. *Id.* at 223–24. Similarly, in *Tigrett v. Heritage Building Co.,* 533 S.W.2d 65 (Tex.Civ.App.-Texarkana 1976, writ ref'd n.r.e.), the court held that an employee may bring a breach of contract claim against his employer for failure to provide employees with the same benefits they would have received under the Act when the employer promised such benefits to the employees. The claims in both *Anderson–Berney* and *Tigrett* were based on breach of contract. Here, Addison has not sued in contract; thus, the cases cited by Addison are not helpful given the summary-judgment posture of his lawsuit. We conclude the trial court did not err in granting Brookhaven's motion, and we overrule Addison's two issues.

## CONCLUSION

The evidence conclusively showed that Brookhaven is not a subscriber under the Act. Summary judgment therefore was proper regarding Addison's section 451.001 claims for retaliatory discharge. We affirm the judgment.