**AFFIRM in Part, REVERSE in Part, RENDER and REMAND; Opinion Filed December 18, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00469-CV

**TERVITA, LLC, Appellant**

**V.**

**CASEY SUTTERFIELD, Appellee**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-13815**

## OPINION

Before Justices Fillmore, Stoddart, and O'Neill[1]
Opinion by Justice O'Neill

This accelerated interlocutory appeal arises from Casey Sutterfield's action for employment discrimination against his former employer Tervita LLC. Tervita moved to dismiss the action pursuant to the Texas Citizens Participation Act ("TCPA"), which provides for dismissal of actions involving the exercise of certain constitutional rights. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001–27.011 (West 2015). The trial court denied Tervita's motion. In two issues, Tervita contends the denial was error because Sutterfield's claims are based on statements made by Tervita during a worker's compensation agency hearing, or are based on Tervita's exercise of its right of association. We agree with Tervita that Sutterfield's claims based on Tervita's participation in the agency hearing should be dismissed under the TCPA. But

---

[1] The Hon. Michael J. O'Neill, Justice, Assigned

the trial court did not err by denying Tervita's motion to dismiss Sutterfield's remaining claims. We affirm in part and reverse in part.

## BACKGROUND

Sutterfield was injured while working for Tervita as a derrick hand in Williston, North Dakota. Sutterfield contends that after his injury, Tervita made misrepresentations about the availability of worker's compensation benefits and created a hostile work environment. Sutterfield either resigned (according to Tervita) or was constructively discharged (according to Sutterfield). He returned to his home in Texas and filed a claim for worker's compensation benefits. Tervita's insurance carrier American Zurich Insurance Company (Zurich) denied the claim. The claim proceeded to a contested case hearing before the Texas Department of Insurance, Division of Worker's Compensation (TDI-WC). Shane White, Tervita's representative, testified at the hearing. The hearing officer ruled in favor of Sutterfield.

Sutterfield then filed this suit against Tervita, Zurich, and two individual adjusters for violations of the Texas Labor Code, negligent misrepresentation, and conspiracy. Tervita filed a motion to dismiss asserting that Sutterfield's suit was based on Tervita's constitutional rights to associate with Zurich and to petition the TDI-WC. The trial court denied Tervita's motion. Tervita now appeals.

## APPLICABLE LAW AND STANDARD OF REVIEW

The legislature enacted the TCPA "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TCPA § 27.002; *see also In re Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015) (TCPA protects citizens from retaliatory lawsuits that seek to silence or intimidate them on matters of public concern). If a legal action is brought in response

to a party's exercise of the right of free speech, right to petition, or right of association, then that party may file a motion to dismiss the legal action. TCPA § 27.003.

The movant bears the initial burden to show by a preponderance of the evidence that the action "is based on, relates to, or is in response to the party's exercise of" the right of free speech, petition, or association. *Id.* §§ 27.003, 27.005(b); *Lipsky*, 460 S.W.3d at 586. If the movant satisfies this "first prong," the trial court must dismiss the action unless the party who brought the action "establishes by clear and specific evidence a prima facie case for each essential element of the claim in question." TCPA § 27.005(b), (c); *Lipsky*, 460 S.W.3d at 587; *see also Pickens v. Cordia*, 433 S.W.3d 179, 183 (Tex. App.—Dallas 2014, no pet.) (movant bears initial burden on first prong of section 27.005). But the court shall dismiss a legal action against the movant if the movant establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim. TCPA § 27.005(d).

Section 27.010 lists four exemptions from the application of the TCPA. *See* TCPA § 27.010(a)–(d). The nonmovant bears the burden of proving a statutory exemption. *Better Bus. Bureau of Metro. Dallas, Inc. v. BH DFW, Inc.*, 402 S.W.3d 299, 309 (Tex. App.—Dallas 2013, pet. denied).

We review de novo the trial court's determinations that the parties met or failed to meet their burdens of proof under section 27.005. *Campbell v. Clark*, 471 S.W.3d 615, 623 (Tex. App.—Dallas 2015, no pet.). We also review de novo questions of statutory construction. *Better Bus. Bureau of Metro. Dallas, Inc.*, 402 S.W.3d at 304–05.

## ANALYSIS

### A.     Introduction

Under the TCPA, a "legal action" includes not only a "lawsuit" but also a "cause of action."  TCPA § 27.001(6).  In reviewing the trial court's ruling, we consider whether Tervita has established that each cause of action pleaded by Sutterfield "is based on, relates to, or is in response to" Tervita's exercise of its right to petition or right of association.[2]  TCPA § 27.003(a).

In his original petition,[3] Sutterfield pleads causes of action against Tervita for "discriminatory conduct in violation of Chapter 451 of the Texas Labor Code," negligent misrepresentation, and conspiracy.   He makes four separate claims of employment discrimination, alleging that Tervita discriminated against him in violation of section 451.001 of the labor code by (1) creating a hostile work environment; (2) representing to him that he was "not entitled to pursue benefits" under the Texas Worker's Compensation Act; (3) presenting false testimony during the claim process; and (4) discharging him.  *See* TEX. LAB. CODE ANN. § 451.001 (West 2015) (person may not discharge or in any other manner discriminate against employee who has filed worker's compensation claim, hired a lawyer regarding the claim, or instituted in good faith a proceeding under Subtitle A[4]).

In his negligent misrepresentation claim, Sutterfield alleges that Tervita's "above described representations" were "false and intended for the guidance of Plaintiff in his business, namely his decision to secure benefits" under the Texas Worker's Compensation Act.  Sutterfield contends that he has suffered pecuniary loss "due to his justifiable reliance on said representations."

---

[2] Tervita does not contend that its right of free speech is implicated by Sutterfield's claims.

[3] Although the appellate record includes both an original petition and a first amended original petition, the original petition was the operative pleading at the time of the trial court's ruling on Tervita's motion to dismiss.

[4] Texas Worker's Compensation Act, TEX. LAB. CODE ANN. §§ 401.001–419.007 (West 2015 and Supp. 2015).

For his conspiracy claim, Sutterfield pleads that Tervita and Zurich "combined to have a meeting of the minds for the purpose of providing testimony and evidence against Plaintiff for the unlawful purpose of denying benefits" under the worker's compensation act. Further, Sutterfield pleads: "Specifically, Tervita provided testimony in the process of Plaintiff's claim and at the contested case hearing under oath that Defendants knew at the time was false." Sutterfield pleads that he has suffered injury and damages as a result of this conspiracy.

### B. Claims based on Tervita's participation in agency hearing

Although Tervita moved to dismiss all claims, only Sutterfield's conspiracy claim and one of his claims for employment discrimination are based on Tervita's participation in the contested case hearing before the TDI-WC. We first review the trial court's denial of Tervita's motion to dismiss these claims.

### 1. Right to petition

Tervita showed by a preponderance of the evidence that its participation in the hearing before the TDI-WC, including White's testimony, was an exercise of its right to petition. *See* TCPA § 27.005(b)(2). "Exercise of the right to petition" is defined broadly under the TCPA. *See* TCPA § 27.001(4). It includes a "communication"[5] pertaining to "an official proceeding, other than a judicial proceeding, to administer the law," as well as "an executive or other proceeding" before a department of the state government or a subdivision of the state government. TCPA § 27.001(4)(A)(ii), (iii). It also includes "a communication in connection with an issue under consideration or review by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding." TCPA § 27.001(4)(B). "Governmental proceeding" is defined as "a proceeding, other than a judicial proceeding, by an

---

[5] "Communication" is also defined in the TCPA. TCPA § 27.001(1). "'Communication' includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.*

officer, official, or body of this state or a political subdivision of this state, including a board or commission . . . ." TCPA § 27.001(5). Sutterfield's contested case hearing before the TCI-WC was such a proceeding. *See* TEX. LAB. CODE ANN. §§ 410.151–410.169 (West 2015) ("Contested Case Hearing").

Sutterfield specifically contends that Tervita discriminated against him by "presenting false testimony during the claim process." He alleges that Zurich and Tervita conspired "to have a meeting of the minds for the purpose of providing testimony and evidence against Plaintiff for the unlawful purpose of denying benefits under the TWCA." He contends, "Tervita provided testimony in the process of Plaintiff's claim and at the contested case hearing under oath that Defendants knew at the time was false." Sutterfield's own pleadings establish that his causes of action for conspiracy and for discrimination by presenting false testimony against Tervita are based on Tervita's participation in the contested case hearing.

Sutterfield disagrees. He describes White's testimony as only "the culmination of [Tervita's] negative attitude toward Sutterfield's claim," not the basis for the claim itself. As such, Sutterfield argues, the testimony is evidence of an element of his employment discrimination claim. Sutterfield argues that unlike a defamation claim, in which the defamatory statement itself creates the cause of action, his employment discrimination claim is not based on White's testimony. He has not sued White personally for defamation based on statements made during the contested case hearing. Sutterfield also points out that the TDI-WC had no jurisdiction to resolve his claim of employment discrimination under Chapter 451 of the Texas Labor Code. Sutterfield thus argues that his suit does not implicate Tervita's right to petition.

But even though Sutterfield does not seek damages resulting from White's testimony standing alone, he does claim that Tervita discriminated against him by, among other acts, presenting White's testimony at the agency hearing. And although the TDI-WC could not

resolve Sutterfield's claims of employment discrimination, it could resolve his claim for worker's compensation benefits, and did so. White's testimony was a "communication," "in or pertaining to" a proceeding before the TDI-WC. *See* TCPA § 27.001(1), (4). Sutterfield's employment discrimination and conspiracy claims are in part "based on, relate[ ] to, or [are] in response to" this communication. *See id.*, § 27.003.

### 2. Valid defense

Tervita has established that Sutterfield's claims of (1) a violation of Chapter 451 of the labor code by "presenting false testimony during the claim process," and (2) conspiracy to knowingly provide false testimony at the TCI-WC hearing are based on Tervita's exercise of a protected right. *See Serafine v. Blunt*, 466 S.W.3d 352, 360 (Tex. App.—Austin 2015, no pet.) (movant may carry burden based on pleadings alone). Tervita has thus carried its initial burden under the TCPA. TCPA § 27.005(b) (moving party must show by preponderance of evidence that legal action is based on, relates to, or is in response to that party's exercise of constitutional right).

Because Tervita carried its burden as to these two causes of action, the trial court was required to dismiss Sutterfield's claims unless Sutterfield established "by clear and specific evidence a prima facie case for each element of the claim in question." TCPA § 27.005(c); *Lipsky*, 460 S.W.3d at 587. And even if Sutterfield met this burden, the trial court was required to dismiss his claims if Tervita "establishe[d] by a preponderance of the evidence each essential element of a valid defense" to Sutterfield's claim. TCPA § 27.005(d). White's testimony, given in a quasi-judicial proceeding before a governmental entity with the power to investigate and decide the issue, was an absolutely privileged communication. *See Senior Care Res., Inc. v. OAC Senior Living, LLC*, 442 S.W.3d 504, 512 (Tex. App.—Dallas 2014, no pet.). "Any communication, even perjured testimony, made in the course of a judicial proceeding, cannot

serve as the basis for a suit in tort." *In re Hinterlong*, 109 S.W.3d 611, 635–36 (Tex. App.—Fort Worth 2003, orig. proceeding). Sutterfield's claims arising from White's testimony are barred as a matter of law. *See Senior Care Res., Inc.*, 442 S.W.3d at 518 (absolute privilege barred claims for libel and business disparagement based on statements made during quasi-judicial proceeding). Thus Tervita established a valid defense to Sutterfield's causes of action based on White's testimony. *See* TCPA § 27.005(d).

### 3. Statutory exemption

Sutterfield contends, however, that his claims against Tervita are exempt from the TCPA because they arise out of the worker's compensation insurance contract between Tervita and Zurich. By its express terms, the TCPA "does not apply to a legal action brought under the Insurance Code or arising out of an insurance contract." TCPA § 27.010(d).

Sutterfield contends Tervita discriminated against him because he filed a worker's compensation claim, conduct specifically prohibited by Chapter 451 of the Texas Labor Code. *See* TEX. LAB. CODE ANN. § 451.001 (prohibiting discrimination against employees who file a worker's compensation claim in good faith). Sutterfield emphasizes that he could not assert this claim if Tervita had not elected to obtain worker's compensation coverage. *See Addison v. Diversified Healthcare/Dallas, L.L.C.*, 378 S.W.3d 625, 627 (Tex. App.—Dallas 2012, no pet.) (citing TEX. LAB. CODE ANN. § 406.002). In *Addison*, we explained that "only subscribing employers" are subject to section 451.001 of the labor code, prohibiting an employer from firing an employee who files a worker's compensation claim in good faith, has hired an attorney to represent him in a claim, or who participates in administrative review proceedings regarding pending claims. *Id.* Sutterfield also contends his claim for negligent misrepresentation arises out of a worker's compensation insurance policy because his claim is based on the false representation that benefits were not available to him under the policy.

We conclude the section 27.010(d) exemption does not apply. Sutterfield's suit is not a "legal action brought under the Insurance Code or arising out of an insurance contract." TCPA § 27.010(d). "Legal action" is defined in the TCPA as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief." TCPA § 27.001(6). Sutterfield's "legal action" against Tervita is brought under the Texas Labor Code and the common law, not the Texas Insurance Code. His petition specifically alleges that Tervita "engaged in discriminatory conduct in violation of Chapter 451 of the Texas Labor Code which prohibits the discharge of or discrimination against a worker who files a workers' compensation claim or institutes a proceeding under the Texas Worker's Compensation Act . . . in good faith." And Sutterfield does not seek worker's compensation benefits under the insurance contract between Tervita and Zurich in this suit. Instead, he seeks damages under Chapter 451 of the Texas Labor Code:

> 23. The elements of Plaintiff's damages include, but are not limited to, attorney's fees incurred during the prosecution of his worker's compensation claim, mental anguish caused by the conduct of Defendants in denying and/or delaying benefits, lost earnings and lost earning capacity caused by the delay in receiving timely medical care, out-of-pocket expenses, and costs associated with the handling of the [TDI-WC] process. Plaintiff would further show he is entitled to back pay and reinstatement pursuant to Chapter 451 of the Texas Labor Code.

Sutterfield's suit is not "a legal action brought under the Insurance Code or arising out of an insurance contract." TCPA § 27.010(d). His claims based on Tervita's participation in the TDI-WC hearing are not exempt from the TCPA.

### 4.    Attorney's fees and costs

If the trial court dismisses a "legal action" under the TCPA, section 27.009 requires an award of "court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require." TCPA § 27.009(a)(1); *Avila v. Larrea*, No. 05-14-00631-CV, 2015 WL 3866778, at *4 (Tex. App.—Dallas June 23, 2015, pet.

filed). In its motion to dismiss, Tervita requested that it be permitted to prove up its costs, reasonable attorney's fees, and expenses "[u]pon entry of an order granting this motion to dismiss," but did not request or offer proof of a specific amount. And in any event, as discussed below, the trial court did not err by denying Tervita's motion to dismiss Sutterfield's remaining claims under the Texas Labor Code and for negligent misrepresentation. Tervita's motion to dismiss should have been granted only in part. The trial court has discretion on remand to determine the amount of attorney's fees and costs "as justice and equity may require." *See Avila*, 2015 WL 3866778, at *5 (discussing trial court's discretion under TCPA § 27.009(a)(1)). Accordingly, we remand to the trial court for consideration of attorney's fees and costs pursuant to TCPA § 27.009(a). *See Serafine*, 466 S.W.3d at 364 (TCPA motion to dismiss should have been granted in part; cause remanded for further proceedings including consideration of award under § 27.009).

### C. All other claims

Tervita did not establish by a preponderance of the evidence that Sutterfield's remaining claims are based on its exercise of its right to petition or its right of association. Sutterfield's causes of action for employment discrimination based on (1) creating a hostile work environment, (2) representing that he was "not entitled to pursue benefits" under the Texas Worker's Compensation Act, and (3) wrongful discharge, as well as his cause of action for negligent misrepresentation about his entitlement to benefits, are based on Tervita's actions and statements outside of the TDI-WC proceeding. Tervita did not show, by a preponderance of the evidence, that these claims are based on, relate to, or are in response to its exercise of its right to petition. *See* TCPA § 27.005(b); *see also Serafine*, 466 S.W.3d at 360 (to extent counterclaims were based on threats made outside of context of lawsuit, TCPA movant did not satisfy initial burden to show that these portions of counterclaims were subject to TCPA).

–10–

Nor did Tervita show that these claims are based on its exercise of the right of association. This right is defined in section 27.001(2) of the TCPA: "'Exercise of the right of association' means a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." TCPA § 27.001(2). Sutterfield contends that Tervita created a hostile work environment, misrepresented his eligibility for worker's compensation benefits, and wrongfully discharged him. None of these allegations involve association between Zurich and Tervita. Sutterfield pleaded communications between Zurich and Tervita only in connection with his conspiracy claim. He alleged that Zurich and Tervita "combined to have a meeting of the minds for the purpose of providing testimony and evidence against Plaintiff for the unlawful purpose of denying benefits under the TWCA." But we have already concluded that the conspiracy claim should have been dismissed because it is based on Tervita's right to petition. And any further "internal, private communications" regarding Sutterfield's employment, rather than the proceedings before the TDI-WC, do not constitute an exercise of the right of association. *See ExxonMobil Pipeline Co. v. Coleman*, 464 S.W.3d 841, 846–850 (Tex. App.—Dallas 2015, pet. filed) ("internal, private communications" among Coleman's former employer and supervisors about Coleman's job performance did not have "any element of citizen participation" and were thus not made in exercise of the right of association).

By seeking dismissal under the TCPA, Tervita bore the initial burden to show its provisions apply. *See Pickens*, 433 S.W.3d at 187. That burden required Tervita to show, by a preponderance of the evidence, that Sutterfield's allegations were based on Tervita's exercise of its right of petition or its right of association. *See id.* Because Tervita did not meet this burden of proof, we need not address the "second prong" of the TCPA, whether Sutterfield established by clear and specific evidence each essential element of his claims. *See id.* (where movant did

–11–

not meet burden to show that nonmovant's action was based on, related to, or in response to movant's exercise of right of free speech, court of appeals need not address second prong of TCPA). And we need not address Tervita's defenses to these claims, such as its arguments that Sutterfield's claims are barred by the holdings of *Texas Mutual Insurance Company v. Ruttiger*, 381 S.W.3d 430 (Tex. 2012), and *In re Crawford & Co.*, 458 S.W.3d 920, 925–26 (Tex. 2014) (per curiam).

## CONCLUSION

Because Tervita showed by a preponderance of the evidence that Sutterfield's conspiracy claim and his claim for employment discrimination by "presenting false testimony during the claim process" are based on Tervita's exercise of the right to petition, the trial court should have granted Tervita's motion to dismiss those claims. We sustain Tervita's two issues in part. We render judgment dismissing Sutterfield's claim for conspiracy and the portion of his employment discrimination claim based on Tervita's presentation of testimony and evidence at the hearing before the Texas Department of Insurance, Division of Worker's Compensation. We remand Sutterfield's remaining causes of action for further proceedings, including the trial court's consideration of an award under TCPA § 27.009.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE, ASSIGNED

150469F.P05

–12–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TERVITA, LLC, Appellant

No. 05-15-00469-CV     V.

CASEY SUTTERFIELD, Appellee

On Appeal from the 116th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-14-13815.
Opinion delivered by Justice O'Neill;
Justices Fillmore and Stoddart participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment denying the appellant Tervita, LLC's motion to dismiss appellee Casey Sutterfield's claim for conspiracy and the portion of his claim for employment discrimination based on the presentation of testimony and evidence at the hearing before the Texas Department of Insurance, Division of Worker's Compensation, and **RENDER** judgment dismissing those claims. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 18th day of December, 2015.