**Affirmed and Opinion Filed February 16, 2023**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-22-00224-CV**

_____

**GENTRY BEACH AND HIGHGROUND INVESTMENT VEHICLE, LLC, Appellants**

**V.**

**SERGIO BECKER, Appellee**

_____

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-11201**

_____

## MEMORANDUM OPINION

Before Justices Nowell, Smith, and Miskel
Opinion by Justice Miskel

Appellants Gentry Beach and Highground Investment Vehicle, LLC appeal

the denial of their motion to dismiss appellee Sergio Becker's suit pursuant to the

Texas Citizens Participation Act (TCPA). Because appellants failed to demonstrate

that Becker's legal action was based on or in response to Beach's exercise of the

right to petition, the trial court did not err when it denied the TCPA motion to

dismiss. We therefore affirm.

# I.    BACKGROUND

In 2021, Becker sued Beach and Highground for breach of contract, fraudulent inducement, and alter ego.  According to Becker's petition, Beach fraudulently induced him to lend $750,000 to fund a new venture.  The parties later documented the transaction, and "Beach asked that the Promissory Note be signed by Highground, not Beach," Becker alleged.  "When asked why Beach would not sign personally, Beach expressed fears that if the loan were personal, adverse parties in litigation pending in New York would somehow use this liability against him."  The petition alleges that Beach assured Becker that he would remain personally liable on the note.  "Induced by these representations, Becker signed a Promissory Note with Highground (the 'Note') confirming the debt that Beach had already agreed to repay months earlier."

When the deadline for repayment passed, "Becker initiated communications with Beach through third parties in order to determine when Beach would make good on his promise.  Beach responded with varying excuses, promising that he would pay but could not at present."  Ultimately, no payment was made.  Becker alleged that Highground breached the loan documents, and Becker denied responsibility and asserted Highground's corporate separateness to avoid personal liability.  According to Becker's petition, Highground is judgment-proof and is a "sham" company, so Becker sought to pierce the veil through an alter ego theory.  "Both Highground and Beach are liable for the debt: Highground because it signed the Promissory Note,

and Beach because he agreed to pay the funds back and because he used Highground as a sham to perpetrate a fraud upon his creditors."

Appellants moved to dismiss Becker's suit under the TCPA. They alleged that Becker's suit arose from TCPA-protected communications pertaining to litigation in New York, which Beach had allegedly offered as a reason not to make him personally liable on the note.

The trial court denied appellants' TCPA motion without stating its reasons. This appeal followed.

## II. TCPA MOTION TO DISMISS

In one issue, appellants assert that the trial court erred by denying their TCPA motion. As to step one of the TCPA, appellants reason that Becker himself demonstrated the applicability of the TCPA by alleging that Beach made fraudulent representations relating to the New York litigation—namely, that Beach could not be personally liable on the note with Becker because of his fears that the note could be used against him by adversaries in the New York litigation. According to appellants, these allegations demonstrated that Becker's claims arose from communications pertaining to a judicial proceeding, which implicated Beach's and Highground's right to petition.

Because step one of the TCPA is dispositive of this appeal, we do not discuss appellants' arguments concerning steps two and three.

## A.      Applicable Law

The TCPA is Texas's anti-SLAPP law, providing a means to dismiss so-called "Strategic Lawsuits Against Public Participation." *Krasnicki v. Tactical Entm't, LLC*, 583 S.W.3d 279, 282 (Tex. App.—Dallas 2019, pet. denied). The TCPA "protects citizens who petition or speak on matters of public concern from retaliatory lawsuits that seek to intimidate or silence them." *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding). That protection comes in the form of a motion to dismiss suits, or claims within suits, that appear to stifle the defendant's exercise of those rights. *Barnes v. Kinser*, 600 S.W.3d 506, 509 (Tex. App.—Dallas 2020, pet. denied); *see White Nile Soft., Inc. v. Carrington, Coleman, Sloman & Blumenthal, LLP*, No. 05-19-00780-CV, 2020 WL 5104966, at *4 (Tex. App.—Dallas Aug. 31, 2020, pet. denied) (mem. op.). We construe the TCPA liberally to fully effectuate its purpose and intent. TEX. CIV. PRAC. & REM. CODE § 27.011(b). We review a trial court's ruling on a TCPA motion to dismiss de novo. *Mireskandari v. Casey*, 636 S.W.3d 727, 734 (Tex. App.—Dallas 2021, pet. denied). In our review, we consider the pleadings, evidence a court could consider under civil procedure rule 166a, and any supporting and opposing affidavits stating the facts on which the liability or defense is based. *Id.* at 735.

The TCPA process generally involves three steps. *Id.* at 734. First, the TCPA movant has the burden to demonstrate the nonmovant's legal action is based on or in response to the moving party's exercise of the right of association, right of free

–4–

speech, or the right to petition. *Id.* Second, if the movant meets its step-one burden, the burden of proof shifts to the nonmovant to establish by clear and specific evidence a prima facie case for each essential element of the claim. *Id.* Third, if the nonmovant meets its step-two burden, the burden of proof shifts back to the movant to establish an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law. *Id.* at 735.

With regard to step one, a claimant's pleadings are usually "the best and all-sufficient evidence of the nature of the action." *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017) (internal quotation omitted). In order to trigger the TCPA's protection, the legal action must be factually predicated on conduct that falls within the TCPA's definition of exercise of the right of free speech, petition, or association, or another protected act. *Dyer v. Medoc Health Servs., LLC*, 573 S.W.3d 418, 428 (Tex. App.—Dallas 2019, pet. denied); *see Mireskandari*, 636 S.W.3d at 735–36 n.8 (noting that recent amendments had instituted a new, narrower standard for the required connection between suit and protected activity). If this nexus is missing, then the statute does not apply. *Harrell v. Smith*, No. 05-22-00242-CV, 2022 WL 17335686, at *3 (Tex. App.—Dallas Nov. 30, 2022, no pet. h.) (mem. op.). "We cannot 'blindly accept' attempts by the movant to characterize the claims as implicating protected expression." *Damonte v. Hallmark Fin. Servs., Inc.*, No. 05-18-00874-CV, 2019 WL 3059884, at *5 (Tex. App.—Dallas July 12, 2019, no pet.) (mem. op.) (quoting *Sloat v. Rathbun*, 513 S.W.3d 500, 504 (Tex. App.—Austin

2015, pet. dism'd)). "To the contrary, we view the pleadings in the light most favorable to the non-movant, favoring the conclusion that its claims are not predicated on protected expression." *Id.* Any activities that are not a factual predicate for Becker's claims are not pertinent to our inquiry regarding whether the TCPA applies. *See id.*

"The TCPA sets out a number of ways in which a communication can be the 'exercise of the right to petition.'" *Dyer*, 573 S.W.3d at 429; *see* TEX. CIV. PRAC. & REM. CODE § 27.001(4); *Tervita, LLC v. Sutterfield*, 482 S.W.3d 280, 283 (Tex. App.—Dallas 2015, pet. denied) ("'Exercise of the right to petition' is defined broadly under the TCPA."). One form of exercise that appellants have invoked here is "a communication in or pertaining to a judicial proceeding." TEX. CIV. PRAC. & REM. CODE § 27.001(4)(A)(i). The definition of "communication" includes "the making or submitting of a statement or document in any form or medium." *Id.* at § 27.001(1).

## B.    Step One: The TCPA Does Not Apply

Appellants argue that Becker's lawsuit is based on protected communications because Becker used the New York litigation as the basis for his claims for breach of contract, alter ego, and fraudulent inducement. According to appellants, these allegations demonstrated that Becker's claims arose from communications pertaining to a judicial proceeding, which implicated Beach's and Highground's

right to petition.[1] Becker counters that he mentioned the New York litigation in his petition in passing and simply to "provide color as to Beach's dishonest conduct."

In his petition, Becker alleged that when Beach was asked why he would not sign the note personally, "Beach expressed fears that if the loan were personal, adverse parties in litigation pending in New York would somehow use this liability against him." We will assume without deciding that this statement is a communication pertaining to a judicial proceeding. *See Wells v. Crowell*, No. 05-20-01042-CV, 2021 WL 5998002, at *5 (Tex. App.—Dallas Dec. 20, 2021, no pet.) (mem. op.) (similar approach).

Even so, the TCPA does not apply. First, with respect to the fraudulent inducement claim, the TCPA provides that it does not apply to "a legal action based on a common law fraud claim." TEX. CIV. PRAC. & REM. CODE ANN. § 27.010(a)(12). Fraudulent inducement is a "species" of common law fraud that shares the same basic elements. *Anderson v. Durant*, 550 S.W.3d 605, 614 (Tex. 2018). Causes of action that require proof of common law fraud as part of their elements are "based on a common law fraud claim" and thus are exempt from the TCPA's reach. *See Baylor Scott & White v. Project Rose MSO, LLC*, 633 S.W.3d 263, 282 (Tex. App.—Tyler 2021, pet. denied). Because fraudulent inducement falls under the aegis of a cause of action that is specifically exempted from the TCPA's

---

[1] The TCPA motion to dismiss does not specifically explain how Highground exercised a right to petition, but to the extent Highground alleged a right to TCPA relief, its request fails for the same reasons as Beach's request.

scope, the TCPA does not apply to a claim for fraudulent inducement. *See, e.g.,* *Jetall Cos., Inc. v. Sonder USA Inc.*, No. 01-21-00378-CV, 2022 WL 17684340, at *19 (Tex. App.—Houston [1st Dist.] Dec. 15, 2022, no pet. h.) (mem. op.).

Second, for the TCPA to apply to Becker's remaining contract and alter ego theories under the circumstances present here, these claims must be "based on" or "in response to" Beach's exercise of his right to petition. Appellants have offered no substantive argument as to how these claims were "in response to" communication concerning the New York litigation, *see* TEX. R. APP. P. 38.1(i), and as for whether these claims were "based on" that communication, we hold there was no such nexus.

The only relation between Becker's petition and the New York litigation was that Beach allegedly expressed a concern that adverse parties would use a note against him. Appellants do not explain how Becker's breach of contract and alter ego claims are based on or in response to Beach's exercise of his right to petition the New York court. The gravamen of Becker's complaints was the breach of the note and Beach's misuse of the corporate form, and the motion to dismiss does not show a substantial connection between Beach's comments about the New York litigation adversaries and these breach of contract or alter ego claims.

Our recent case *Wells v. Cromwell* illustrates the point. 2021 WL 5998002, at *5. There, the plaintiffs sold a house to the defendants, but problems in the transaction caused bitterness between the parties. *Id.* at *1–2. That bitterness came

to a head when one of the defendants confronted one of the plaintiffs in a grocery store; according to the suit, that defendant "verbally assaulted her, invaded her private space, and, in an extremely threatening manner, publicly repeatedly accused her of pulling a 'stunt.'" *Id.* at *2. When the plaintiffs filed suit for intentional infliction of emotional distress, the defendants moved to dismiss under the TCPA, arguing that this claim stemmed from a demand letter sent by the defendants' attorney, which the plaintiffs had also briefly mentioned in their petition as a source of further harassment. *Id.* We disagreed: "Although the petition mentions the demand letter and asserts that it contained false allegations meant to harass them, the gravamen of the slander and IIED claims is the altercation between [the defendant] and [the plaintiff] in the grocery store." *Id.* at *5. A "nonmovant's reference to a judicial proceeding in a petition does not necessarily establish . . . that the nonmovant's claims are based on or in response to such communication." *Id.* (quoting *Jordan v. JP Bent Tree, LP*, No. 05-19-01263-CV, 2020 WL 6128230, at *6 (Tex. App.—Dallas Oct. 19, 2020, pet. denied) (mem. op.)). The same holds true here. Suits are "based on" their foundations, not their tertiary details.

The fraudulent inducement claim is excluded from the TCPA's reach, and the remainder of the suit was not "factually predicated on" appellants' exercise of the right to petition, which is the only form of connection to protected activity that has been alleged. *See Dyer*, 573 S.W.3d at 428. We therefore hold that the TCPA does not apply, and we need not consider the second and third steps of the TCPA

framework. Because the TCPA does not apply, the trial court did not err by denying appellants' motion to dismiss. We overrule appellants' sole issue and affirm.


                                         /Emily Miskel/
                                         EMILY MISKEL
                                         JUSTICE

220224F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GENTRY BEACH AND
HIGHGROUND INVESTMENT
VEHICLE, LLC, Appellants

No. 05-22-00224-CV      V.

SERGIO BECKER, Appellee

On Appeal from the 160th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-21-11201.
Opinion delivered by Justice Miskel.
Justices Nowell and Smith
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee SERGIO BECKER recover his costs of this appeal from appellants GENTRY BEACH AND HIGHGROUND INVESTMENT VEHICLE, LLC.

Judgment entered this 16th day of February 2023.