**AFFIRM; and Opinion Filed April 27, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-16-00859-CV

### KIRKSTALL ROAD ENTERPRISES, INC., Appellant
### V.
### ARKING JONES, Appellee

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-01794-J**

## OPINION

Before Justices Fillmore, Whitehill, and Schenck
Opinion by Justice Schenck

In this interlocutory appeal, Kirkstall Road Enterprises, Inc. ("Kirkstall") appeals from an order denying its motion to dismiss the negligence claim brought against it by appellee Arking Jones. Kirkstall argues the trial court erred because Mr. Jones's claim implicates Kirkstall's exercise of First Amendment rights as defined by the Texas Citizens' Participation Act ("TCPA") and Mr. Jones failed to meet his burdens of proving his claim is exempt from the TCPA or of proffering clear and specific evidence on each element of his claim. Because the trial court did not err in denying Kirkstall's motion, we affirm the trial court's order.

### FACTUAL AND PROCEDURAL BACKGROUND

Kirkstall produces a television series, *The First 48*, which features homicide detectives from various police departments investigating particular murders. One episode of *The First 48*, "Safe House," documents a Dallas Police Department investigation into the murder of a

suspected drug dealer. "Safe House" depicts Mr. Jones with his appearance blurred and voice altered and a voice-over referring to him as "the witness." Following the airing of "Safe House" and over the next fourteen months, Mr. Jones and his family received death threats and other threats to harm him because he was a witness in a criminal case. On August 17, 2015, Mr. Jones was shot four times.

On February 16, 2016, Mr. Jones filed a claim for negligence against Kirkstall, arguing Kirkstall owed a duty to exercise reasonable care in the editing, production, and release of Mr. Jones's image, likeness, or voice on national television in such a way that his identity was not discernible, and breached that duty by failing to do so and by portraying him as a voluntary informant. Kirkstall filed a motion to dismiss Mr. Jones's claim pursuant to the TCPA. Mr. Jones responded that an exemption to the TCPA applied to his claim, that Kirkstall was not exercising First Amendment rights as defined by the TCPA, and alternatively, he provided clear and specific evidence to establish each essential element of his negligence claim. After a hearing on Kirkstall's motion to dismiss, the trial court denied the motion without stating the basis for its ruling.

## THE TCPA AND STANDARD OF REVIEW

The TCPA, Chapter 27 of the civil practice and remedies code, protects citizens from retaliatory lawsuits that seek to silence or intimidate them on matters of public concern. *In re Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015) (orig. proceeding); *see generally* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011 (West 2016). The TCPA's purpose is to identify and summarily dispose of lawsuits designed only to chill First Amendment rights, not to dismiss meritorious lawsuits. *In re Lipsky*, 460 S.W.3d at 589; *see also* CIV. PRAC. & REM. § 27.002. To accomplish its purpose, the TCPA endorses a summary process, requiring judicial review of the pleadings and limited evidence. *See In re Lipsky*, 460 S.W.3d at 589.

The defendant–movant has the initial burden to show by a preponderance of the evidence that the case is based on, relates to, or is in response to the party's exercise of the right of free speech, to petition, or of association. CIV. PRAC. & REM. §§ 27.003, 27.005(b). If the movant satisfies this burden, then the burden shifts to the plaintiff to establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* §§ 27.005(b), (c).

Section 27.010(c) exempts "a legal action seeking recovery for bodily injury" from the application of the TCPA. *Id.* § 27.010(c). The non-movant bears the burden of proving a statutory exemption. *Tervita, LLC v. Sutterfield*, 482 S.W.3d 280, 282 (Tex. App.—Dallas 2015, pet. denied).

We review de novo the trial court's determinations that the parties met or failed to meet their burdens of proof under section 27.005. *Id.* We also review issues of statutory construction de novo. *Id.*

## ANALYSIS

Kirkstall broadly asserts that *The First 48* broadcast is a valid exercise of its right to free speech, arguing the program was speech made in connection with a matter of public concern, specifically law enforcement and the criminal justice system. Kirkstall also argues the episode "Safe House" is a communication pertaining to a judicial, governmental, or official proceeding by law enforcement officials within the meaning of "right to petition" as defined by the TCPA. Kirkstall contends Mr. Jones failed to prove his claim was exempt from the TCPA and that he failed to proffer clear and specific evidence on each element of his claim. Finally, Kirkstall argues that even if Mr. Jones met his burdens, Kirkstall put forth sufficient evidence of an affirmative defense based on the First Amendment to require dismissal of Jones's suit.

Assuming without deciding that Kirkstall met its initial burden to show Mr. Jones's negligence claim is based on, relates to, or is in response to Kirkstall's exercise of the right of free speech or to petition, we conclude that Mr. Jones satisfied his burden to prove his claim falls within the plain language of the bodily injury exemption to the application of the TCPA. Section 27.010(c) provides the TCPA "does not apply to a legal action seeking recovery for bodily injury, wrongful death, or survival or to statements made regarding that legal action." CIV. PRAC. & REM. § 27.010(c).

Kirkstall argues the bodily injury exemption was not intended to apply to protected speech but instead was intended to provide guidance to the courts that a motion to dismiss under the TCPA would be improper in a non-speech based personal-injury case. Kirkstall further contends Mr. Jones's proposed reading of the exemption contravenes the express purpose and liberal construction requirements contained in the statute and that his interpretation would open the floodgates for inventive plaintiffs to circumvent the TCPA.

Our primary objective when construing statutes is to give effect to the Legislature's intent. *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010). The plain meaning of the text is generally the best expression of that intent. *Id.*

The plain language of section 27.010(c) excludes legal actions seeking recovery for bodily injury. *See* CIV. PRAC. & REM. § 27.010(c). Mr. Jones's negligence claim seeks to recover for the bodily injuries—four gunshot wounds—that he claims he sustained as a result of Kirkstall's negligence in editing and producing its program.

Without expressing any opinion on the merits of his claim, we conclude that Mr. Jones has shown that it is exempted from application of the TCPA. Having thus concluded, we hold the trial court did not err in denying Kirkstall's motion to dismiss and pretermit Kirkstall's remaining arguments. TEX. R. APP. P. 47.1.

–4–

**MR. JONES'S REQUEST FOR DAMAGES**

Mr. Jones argues Kirkstall's appeal is frivolous and requests this Court award him damages from Kirkstall pursuant to rule 45 of the rules of appellate procedure. TEX. R. APP. P. 45. We deny Mr. Jones's request.

**CONCLUSION**

We affirm the trial court's order.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

160859F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

KIRKSTALL ROAD ENTERPRISES, INC.,
Appellant

No. 05-16-00859-CV      V.

ARKING JONES, Appellee

On Appeal from the 191st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-16-01794-J.
Opinion delivered by Justice Schenck,
Justices Fillmore and Whitehill participating.

In accordance with this Court's opinion of this date, the order of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee ARKING JONES recover his costs of this appeal from appellant KIRKSTALL ROAD ENTERPRISES, INC.

Judgment entered this 27th day of April, 2017.