**AFFIRM in part; Reverse and render in part; Opinion Filed September 2, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00905-CV**

**RICK PAGE, Appellant**
**V.**
**JOHN BAKEWELL, Appellee**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-04329**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Smith
Opinion by Justice Schenck

On the Court's own motion, we withdraw our July 18, 2022 opinion and judgment of that date, and we substitute this opinion in its place.

In this accelerated, interlocutory appeal, Rick Page appeals the trial court's denial of his motion to dismiss pursuant to the Texas Citizens Participation Act (TCPA). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011. In three issues, Page argues appellee John Bakewell's claim for defamation *per se* (1) is not exempted from the TCPA, (2) is based on or is in response to Page's right of free speech or right to petition, and (3) must be dismissed because Page established an

affirmative defense of absolute privilege as a matter of law. While we agree with Page's contention that the TCPA applies, and that an affirmative defense applies to certain of Bakewell's allegations, he has not shown he is entitled to dismissal of all of Bakewell's claims. We accordingly reverse the denial of the motion to dismiss as to the allegations in the petition related to statements Page made in an affidavit or when testifying under oath in Bakewell's pending family court matter. In all other respects, we affirm the trial court's order. Because all dispositive issues are settled in law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.2(a), 47.4.

## BACKGROUND

On April 7, 2021, Bakewell filed suit against Page, alleging Page had assaulted him in a restaurant, causing him physical harm, and that after he filed a criminal complaint against Page, Page "retaliated by filing an affidavit in [Bakewell's] pending family court matter." According to the petition, Page has accused Bakewell of hiring hit men to "take care of" Bakewell's ex-wife's fiancé and alleged Bakewell had admitted to that felony. *See* TEX. PENAL CODE ANN. § 19.03(a)(3) (criminalizing employment of another to commit murder for remuneration). The petition further alleged "[t]hose untrue, defaming, [libelous], and slanderous statements have been conveyed via written and verbal communications to numerous persons." Bakewell asserts that these statements

–2–

accuse him of criminal conduct and thus amount to defamation *per se*, entitling him to recovery of presumed damages.[1]

After answering with general denials and affirmative defenses, Page moved to dismiss Bakewell's claim for defamation *per se* pursuant to the TCPA. Bakewell responded[2] to the motion, alleging his claims for assault, negligence *per se*, and defamation *per se* involve bodily injury and are thus exempted from TCPA coverage. *See* CIV. PRAC. & REM. § 27.010(a)(3). The trial court conducted a hearing on Page's motion to dismiss, but did not rule on the motion within thirty days, thus denying the motion by operation of law. *See* CIV. PRAC. & REM. § 27.008. This accelerated, interlocutory appeal followed. *See id.*

## THE TCPA AND STANDARD OF REVIEW

Chapter 27 of the Texas Civil Practice and Remedies Code is an "anti-SLAPP statute," meaning that the legislature enacted it to curb "strategic lawsuits against public participation." *Am. Heritage Capital, LP v. Gonzalez*, 436 S.W.3d 865, 868 (Tex. App.—Dallas 2014, no pet.). Its main feature is a motion-to-dismiss procedure

---

[1] Defamation *per se* refers to statements that are so obviously harmful that general damages may be presumed. *See Mohamed v. Ctr. for Sec. Policy*, 554 S.W.3d 767, 777 (Tex. App.—Dallas 2018, pet. denied) (citing *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015)). The law presumes certain categories of statements are defamatory *per se*, including statements that (1) unambiguously charge a crime, dishonesty, fraud, rascality, or general depravity or (2) are falsehoods that injure one in his office, business, profession, or occupation. *See id.*

[2] Bakewell's response included allegations as to the relationship between himself and Page, as well as a possible explanation for Page's alleged assault on Bakewell. According to Bakewell, Page is a friend of the fiancé of Bakewell's ex-wife, Page is also involved in divorce proceedings, and Page's physical assault on Bakewell was due to his belief that Bakewell had spoken negatively of Page to Page's soon to be ex-wife.

that allows defendants at an early stage to seek dismissal, attorney's fees, and sanctions for the filing of a meritless suit in response to a defendant's proper exercise of a protected right. *Equine Holdings, LLC v. Jacoby*, No. 05-19-00758-CV, 2020 WL 2079183, at *6 (Tex. App.—Dallas Apr. 30, 2020, pet. denied) (mem. op.).

A Chapter 27 movant bears the initial burden of showing by a preponderance of the evidence "that the legal action is based on or is in response to the party's exercise of the right of free speech, the right to petition, or the right of association." *See* CIV. PRAC. & REM. § 27.005(b); *see also Brenner v. Centurion Logistics LLC ex rel. Centurion Pecos Terminal LLC*, No. 05-20-00308-CV, 2020 WL 7332847, at *3 (Tex. App.—Dallas Dec. 14, 2020, pet. denied) (mem. op.) (holding amendments to TCPA do not change burden of "preponderance of the evidence" established by *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017)). If the movant carries his or her initial burden, the nonmovant must then establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." *See* CIV. PRAC. & REM. § 27.005(c). Notwithstanding the nonmovant's proof of a prima facie case, however, the court shall dismiss a legal action against the movant if the movant establishes as a matter of law a valid defense to the nonmovant's claim. *Id.* § 27.005(d).

Section 27.010(c) exempts "a legal action seeking recovery for bodily injury" from the application of the TCPA. *Id.* § 27.010(c). The nonmovant bears the burden of proving a statutory exemption. *See Kirkstall Rd. Enters., Inc. v. Jones*, 523

S.W.3d 251, 253 (Tex. App.—Dallas 2017, no pet.) (citing *Tervita, LLC v. Sutterfield*, 482 S.W.3d 280, 282 (Tex. App.—Dallas 2015, pet. denied)).

We review de novo the trial court's determinations that the parties met or failed to meet their respective burdens under section 27.005. *See* CIV. PRAC. & REM. § 27.005 (b), (c); *see also Brenner*, 2020 WL 7332847, at *3 (holding amendments to TCPA do not change de novo appellate standard of review). In conducting this review, we consider, in the light most favorable to the nonmovant, the pleadings and any supporting and opposing affidavits and other evidence stating the facts on which the claim or defense is based. *See Fishman v. C.O.D. Capital Corp.*, No. 05-16-00581-CV, 2017 WL 3033314, at *5 (Tex. App.—Dallas July 18, 2017, no pet.) (mem. op.); *see also* CIV. PRAC. & REM. § 27.006(a). However, the plaintiffs' pleadings are generally "the best and all-sufficient evidence of the nature of the action." *Hersh*, 526 S.W.3d at 467.

## DISCUSSION

## I. Bakewell's Claim for Defamation *Per Se* Is Not Exempted from the TCPA

In his first issue, Page argues his motion should not have been denied on the basis that Bakewell's claim for defamation *per se* was exempted from the TCPA.[3] In his response to Page's motion, Bakewell alleged his claims for assault, negligence

---

[3] As discussed in this Court's recent opinion of *Temple v. Cortez Law Firm*, No. 05-21-00367-CV, 2022 WL 1955755, at *6 (Tex. App.—Dallas June 3, 2022, no pet.), nothing in the TCPA or the supreme court's opinion in *Castlemen v. Internet Money Ltd.*, 546 S.W.3d 684 (Tex. 2018) (per curiam), precludes our consideration of an exemption before addressing a TCPA movant's step-one burden to show the TCPA applies.

–5–

*per se*, and defamation *per se* involve bodily injury and are thus exempted from TCPA coverage. *See* CIV. PRAC. & REM. § 27.010(a)(3). As the nonmovant, Bakewell bears the burden of proving the statutory exemption. *See Kirkstall*, 523 S.W.3d at 253.

The TCPA exempts from coverage a legal action seeking recovery for bodily injury, wrongful death, or survival or to statements made regarding that legal action. *See* CIV. PRAC. & REM. § 27.010(a)(3). Bakewell's petition alleges Page assaulted him and did so in violation of the penal code such that his actions were negligent *per se* and asserts that Page's actions caused Bakewell injury and physical harm. Bakewell's petition also asserts a claim for defamation *per se* related to Page's alleged statements accusing Bakewell of having hired hit men to harm his ex-wife's fiancé and to admitting to that felony.

Page's motion seeks to dismiss only the defamation *per se* claim, not the assault and battery or negligence *per se* claims. *See United Dev. Funding, L.P. v. Megatel Homes III, LLC*, No. 05-19-00647-CV, 2020 WL 2781801, at *3 (Tex. App.—Dallas May 29, 2020, pet. denied) (mem. op.) ("legal action" under TCPA "can consist of an entire lawsuit or a subsidiary part") (citing *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 131 (Tex. 2019)). To the extent Bakewell argues the defamation *per se* claim is exempt, we do not agree because his petition makes it clear the injury he alleges is to his reputation and business, not

bodily injury. *See Hersh*, 526 S.W.3d at 467 (plaintiff's pleadings generally "the best and all-sufficient evidence of the nature of the action").

Bakewell argues the entirety of his case against Page relates to the events of Page's alleged assault on Bakewell, including recovery for not just the bodily injury but also for damages Bakewell sustained from Page's allegedly false statements about the attack and his statements discrediting Bakewell.

Bakewell relies on this Court's opinion in *Kirkstall* and an opinion from the Austin Court of Appeals to assert his defamation *per se* claim is exempt from the TCPA. In *Kirkstall*, this Court concluded that because the plaintiff's claim sought to recover for bodily injuries that he claimed to have sustained as a result of the defendant's negligence, the claim was exempted pursuant to the plain language of the TCPA. *See Kirkstall*, 523 S.W.3d at 252–53. In *Superior HealthPlan, Inc. v. Badawo*, the appellate court held the bodily-injury exemption applied to a claim for medical negligence "if that claim seeks recovery for bodily injury." *See Superior HealthPlan, Inc. v. Badawo*, No. 03-18-00691-CV, 2019 WL 3721327, at *4 (Tex. App.—Austin Aug. 8, 2019, no pet.) (mem. op.).

We conclude those cases are distinguishable from the current case. In both cases, the causes of action sought recovery for bodily injury. Here, Bakewell seeks recovery for bodily injuries he claims he sustained due to Page's assault and negligence *per se*, but his claim for defamation *per se* seeks no such relief for physical harm or bodily injury. Thus, we cannot conclude his claim for defamation

–7–

*per se* is a legal action seeking recovery for bodily injury. *See* CIV. PRAC. & REM. § 27.010(a)(3).

The TCPA also exempts from its application statements regarding a legal action seeking recovery for bodily injury. *See id.* The statements Bakewell complains of in his petition are that "John Bakewell had hired two men to have [Bakewell's ex-wife's] fiancé . . . 'taken care of,'" Bakewell "admitted to committing a felony by putting a hit on [Bakewell's ex-wife's] fiancé," and that Page denied assaulting Bakewell as Bakewell alleges in his petition. These statements relate to the alleged conduct underlying Bakewell's claims for assault and negligence, both of which seek recovery for bodily injury. However, the language of the statute is as follows: "This chapter does not apply to . . . a legal action seeking recovery for bodily injury . . . or to statements made regarding that legal action." *See id.* Thus, the statute exempts statements regarding the "legal action," not the alleged underlying conduct. This interpretation is consistent with our prior opinion in *Kirkstall* in which we previously noted that our primary objective when construing statutes is to give effect to the Legislature's intent and that the plain meaning of the text is generally the best expression of that intent. *See Kirkstall*, 523 S.W.3d at 253 (citing *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010)); *but see Temple v. Cortez Law Firm*, No. 05-21-00367-CV, 2022 WL 1955755, at *7 (Tex. App.—Dallas June 3, 2022, no pet.) (holding as exempt

statements regarding law firm's alleged misconduct that "occurred during and only because of" legal action for bodily injury).

We sustain Page's first issue.

## II. Bakewell's Claim of Defamation *Per Se* Is Based On or In Response to His Right of Free Speech

In his second issue, Page argues Bakewell's claim of defamation *per se* is based on or is in response to his right of free speech or right to petition. Page urges, and we agree, that Bakewell's claim is a "legal action" within the definition of the TCPA. *See* CIV. PRAC. & REM. § 27.001(6). The exercise of the right of free speech means a communication made in connection with a matter of public concern. *See id.* § 27.001(3). The definition of the exercise of the right to petition similarly requires a communication. *See id.* § 27.001(4). A "communication" includes the making of or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic. *See id.* § 27.001(1).

Bakewell's petition alleges that in response to his filing criminal charges against Page, Page "retaliated by filing an affidavit in [Bakewell's] pending family court matter, in which he alleged that [Bakewell] 'had hired two men to have [Bakewell's ex-wife's fiancé] "taken care of" . . . [had] admitted to committing a felony by putting a hit on [Bakewell's ex-wife's fiancé].'" Bakewell's petition further alleges, "Those untrue, defaming, [libelous], and slanderous statements have been conveyed via written and verbal communications to numerous persons." Also, Bakewell complains of Page's testimony denying the alleged assault and more

–9–

broadly states, "[Page] has, and continues, to publicly disparage [Bakewell], and is even willing to commit perjury in order to further his vendetta against [Bakewell]." Construing the petition in favor of Bakewell as the nonmovant, we conclude the foregoing describe "communications." *See id.*

The TCPA defines a "matter of public concern" to include "a matter of political, social, or other interest to the community; or a subject of concern to the public." *See id.* § 27.001(7). Public matters include, among other things, "commission of crime, prosecutions resulting from it, and judicial proceedings arising from the prosecutions." *See Brady v. Klentzman*, 515 S.W.3d 878, 884 (Tex. 2017) (citing *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 492 (1975)). And, as this Court has recently held, TCPA case law is clear that criminal acts are matters of public concern. *See Beard v. McGregor Bancshares, Inc.*, No. 05-21-00478-CV, 2022 WL 1076176, at *6 (Tex. App.—Dallas Apr. 11, 2022, pet. filed) (mem. op.) (citing *Miller v. Schupp*, No. 02-21-00107-CV, 2022 WL 60606, at *2 (Tex. App.— Fort Worth Jan. 6, 2022, no pet.) (mem. op.) (statements regarding assaults were matters of public concern); *CBS Stations Grp. of Tex., LLC v. Burns*, No. 05-21-00042-CV, 2021 WL 4398031, at *3 (Tex. App.—Dallas Sept. 27, 2021, no pet.) (mem. op.) (news broadcast involving robbery, high-speed chase, and arrest of suspect were matters of public concern); *Duncan v. Acius Grp., LP*, No. 05-18-01432, 2019 WL 4392507, at *4 (Tex. App.—Dallas Sept. 13, 2019, no pet.) (mem. op.) (accusing someone of abusing/killing animals was matter of public concern)).

–10–

While general allegations of "public disparagement" are not specific enough for us to conclude that they were made in connection with a matter of public concern, we conclude the allegations that Bakewell engaged in and admitted to engaging in criminal activity are communications made in connection with a matter of public concern. *See Beard*, 2022 WL 1076176, at \*6; *see also* PENAL § 19.03(a)(3) (criminalizing employment of another to commit murder for remuneration). Accordingly, we conclude those allegations are exercises of Page's right to free speech.

Finally, we conclude Bakewell's claim for defamation *per se* is based on and is in response to Page's exercise of his right to free speech, as per his petition Bakewell seeks to recover for those alleged communications as "defaming . . . and slanderous statements." *See Hersh*, 526 S.W.3d at 467. Thus, we sustain Page's second issue without addressing whether Bakewell's claim for defamation *per se* is based on or related to Page's exercise of his right to petition. *See* TEX. R. APP. P. 47.1.

## III.  Page Did Not Establish an Affirmative Defense as a Matter of Law

In his third issue, Page argues that, presuming Bakewell establishes a prima facie case of defamation *per se*,[4] he established as a matter of law the affirmative defense of privilege, both absolute and qualified, such that the trial court erred by not dismissing Bakewell's claim for defamation *per se*. *See* CIV. PRAC. & REM.

---

[4] Page presumes Bakewell established a prima facie case for the purpose of his third issue.

–11–

§ 27.005(d).[5] Page argues his statements were privileged and thus not actionable because Bakewell's petition alleges they were "testimony in [Bakewell's] divorce case that is absolutely privileged." Page argues alternatively that even if not absolutely privileged, his statements should be entitled to qualified privilege because they were made to the trial judge and anyone else present in Bakewell's divorce case. *See Landry's, Inc. v. Animal Legal Defense Fund*, 631 S.W.3d 40, 46 (Tex. 2021) ("The judicial-proceedings privilege is straightforward: 'Communications in the due course of a judicial proceeding will not serve as the basis of a civil action for libel or slander, regardless of the negligence or malice with which they are made.'") (quoting *James v. Brown*, 637 S.W.2d 914, 916 (Tex. 1982)).

As described above, Bakewell's petition alleges the following communications. Bakewell's petition alleges that in response to his filing criminal charges against Page, Page "retaliated by filing an affidavit in [Bakewell's] pending family court matter, in which he alleged that [Bakewell] 'had hired two men to have [Bakewell's ex-wife's fiancé] "taken care of" . . . [had] admitted to committing a felony by putting a hit on [Bakewell's ex-wife's fiancé].'" Bakewell's petition further alleges, "Those untrue, defaming, [libelous], and slanderous statements have been conveyed via written and verbal communications to numerous persons." Also, Bakewell complains of Page's testimony denying the alleged assault and more

---

[5] As noted above, notwithstanding the nonmovant's proof of a prima facie case, the court shall dismiss a legal action against the movant if the movant establishes as a matter of law a valid defense to the nonmovant's claim. *Id.* § 27.005(d).

broadly states, "[Page] has, and continues, to publicly disparage [Bakewell], and is even willing to commit perjury in order to further his vendetta against [Bakewell]."

To the extent Bakewell seeks to recover for the communications made in the course of judicial proceedings, we conclude he may not as those communications made in an affidavit and testimony are privileged. *See Landry's, Inc.*, 631 S.W.3d at 46. However, in addition to the affidavit and courtroom testimony Bakewell describes in his petition, he also asserts the alleged "defaming . . . and slanderous statements have been conveyed via written and verbal communications to numerous persons." In the portion of the petition seeking a temporary injunction against Page, Bakewell asserts Page "has chosen to disseminate the allegations to third parties in order to damage [Bakewell's] name and reputation and defame him." Thus, although Page established as a matter of law that the alleged statements made in Bakewell's divorce case were privileged, he has not established as a matter of law that all of the allegedly defamatory statements were made in the course of judicial proceedings and thus privileged. *See Moldovan v. Polito*, No. 05-15-01052-CV, 2016 WL 4131890, at *7 (Tex. App.—Dallas Aug. 2, 2016, no pet.) (mem. op.) (quoting RESTATEMENT (SECOND) OF TORTS § 578 (1977) ("one who repeats or otherwise republishes defamatory matter is subject to liability as if he had originally published it")).

Accordingly, we sustain Page's third issue as to the allegations in the petition of statements Page made in an affidavit or by testifying under oath in Bakewell's

–13–

pending family court matter. Further, we overrule Page's third issue as to the allegations that (1) Page "conveyed via written and verbal communications to numerous persons" the statements that Bakewell hired men to "take[] care of" his ex-wife's fiancé and that Bakewell admitted to a felony by "putting a hit on [his ex-wife's fiance]" and (2) Page "has chosen to disseminate the allegations to third parties in order to damage [Bakewell's] name and reputation and defame him."

As noted above, Page does not challenge whether Bakewell met his burden as the nonmovant to establish each and every essential element of his claim of defamation *per se*. Whether this Court may presume Bakewell did so and thus affirm the trial court's dismissal order is a question we need not decide because we conclude the record adequately establishes Bakewell met that burden. A cause of action for defamation requires (1) the publication of a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with the requisite degree of fault, and (4) damages. *See Mohamed v. Ctr. for Sec. Policy*, 554 S.W.3d 767, 774 (Tex. App.—Dallas 2018, pet. denied) (citing *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015)). And, as previously noted, defamation *per se* refers to statements, including those that unambiguously charge a crime, that are so obviously harmful that general damages may be presumed. *See id.* at 777 (citing *In re Lipsky*, 460 S.W.3d at 596).

Bakewell's petition alleges that in response to his filing criminal charges against Page, Page "retaliated by filing an affidavit in [Bakewell's] pending family

–14–

court matter, in which he alleged that [Bakewell] 'had hired two men to have [Bakewell's ex-wife's fiancé] "taken care of" . . . [had] admitted to committing a felony by putting a hit on [Bakewell's ex-wife's fiancé].'" Bakewell's petition further alleges, "Those untrue, defaming, [libelous], and slanderous statements have been conveyed via written and verbal communications to numerous persons." Bakewell's petition is supported by his declaration in which he attests to the above assertions. We conclude Bakewell met his burden as the nonmovant to establish a prima facie case of defamation *per se*.

## CONCLUSION

We reverse the denial of the motion to dismiss as to the allegations in the petition of statements Page made in an affidavit or by testifying under oath in Bakewell's pending family court matter and render a partial judgment of dismissal of those causes of action. In all other respects, we affirm the trial court's order denying Page's motion to dismiss pursuant to the Texas Citizens Participation Act.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

210905F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

RICK PAGE, Appellant

No. 05-21-00905-CV          V.

JOHN BAKEWELL, Appellee

On Appeal from the 101st Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-21-04329. Opinion delivered by Justice Schenck. Justices Osborne and Smith participating.

We **VACATE** our July 18, 2022 judgment.  This is now the Court's judgment.

In accordance with this Court's opinion of this day, we **REVERSE** the denial of the motion to dismiss as to the allegations in the petition of statements Page made in an affidavit or by testifying under oath in Bakewell's pending family court matter and **RENDER** a partial judgment of dismissal of those causes of action.  In all other respects, we **AFFIRM** the trial court's order denying Page's motion to dismiss pursuant to the Texas Citizens Participation Act.

It is **ORDERED** that each party bear his own costs of this appeal.

Judgment entered this 2nd day of September 2022.