**AFFIRMED and Opinion Filed April 17, 2023**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01061-CV**

**DAY TRADER PARADISE, LLC, AND JOHN MATTHEW COWART,**
**Appellants**
**V.**
**VINCENT MARCHI AND EGI ECCLESIASTES GLOBAL INVESTMENT**
**TECHNOLOGIES, LLC, Appellees**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-01803-2022**

## MEMORANDUM OPINION

Before Justices Carlyle, Goldstein, and Kennedy
Opinion by Justice Carlyle

Day Trader Paradise, LLC and its founder and principal John Matthew Cowart

(collectively, DTP) appeal the trial court's order denying their TCPA[1] motion to

dismiss a legal action brought against them by EGI Ecclesiastes Global Investment

Technologies, LLC and its founder and principal Vincent Marchi (collectively, EGI).

---

[1] The Texas Citizens Participation Act, TEX. CIV. PRAC. & REM. CODE §§ 27.001–.011 ("Actions Involving the Exercise of Certain Constitutional Rights").

Because we conclude EGI's legal action is exempt from TCPA coverage, we affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

**Background**

In its live petition, EGI stated it is "in the business of Algorithmic Trading Software & Educational Services for the futures, forex, crypto, and stocks trading community." EGI operates a YouTube channel on which Mr. Marchi, who is not a licensed professional stock trader or advisor, "demonstrat[es] opportunities for trades using his algorithmic trading platform" and "offers his thoughts" on trading-related topics, including "other companies, day traders and YouTubers who claim to offer alternative trading platforms." According to the petition, "Mr. Cowart and Day Trader Paradise, LLC run a competing YouTube channel offering similar trading related software and educational services as [EGI], and they are in direct competition for the same customers."

The petition stated EGI has "third party synergistic partnerships" with "software platform providers" and "trading brokers for trade execution" including NinjaTrader and AMP Global Clearing. Those entities have advertised on EGI's YouTube channel and EGI "has used them as the official brokers for those who wish to trade in various trading instruments." EGI's relationships with those entities "are key to the continued operation of [EGI], as without them, no referrals can be made to their platform and no profit can be made therefrom."

According to the petition, despite previously having had "many fractious communications," DTP and EGI engaged in discussions "concerning Plaintiffs' business model, licensing, brokers, and their third-party relationships, such as NinjaTrader and AMP, all with the understanding that such discussions were private and not meant for public disclosure or disclosure to any third party." The petition stated, "Many client relationships and trade secrets were discussed with Mr. Cowart with the intent that they develop a synergistic business together or so Mr. Marchi was led to believe."

The petition alleged that at some point Mr. Cowart "broke off negotiations abruptly." Soon after that, Mr. Marchi (1) "received a notice from NinjaTrader that they had received complaints from unknown clients and or third parties about his business and personal affairs that therefore [sic], they would cease doing business with him immediately," and (2) "received notice from his AMP Broker that complaints were received by third parties about his business and personal affairs that were 'unbecoming' and that they would immediately cease all business with him and his company." The petition stated Mr. Marchi obtained information from AMP showing the complaints "were alleged to be made by an 'ADAM W,' a pseudonym of misleading affiliation and misdirection," who allegedly was familiar with Mr. Marchi's business and "assert[ed] that [Mr. Marchi] was engaging in illegal trading conduct, that he was improperly giving investment advice, was an abuser of children and was a racist, all claims which are patently untrue." According to the petition,

"many of the claims were based on knowledge from communications [Mr. Marchi] had solely with [Mr. Cowart] . . . in personal, private communications between the two of them" concerning "their discussions of the nature of mutual synergistic business opportunities together" and "could come from no other source."

The petition stated, "It is clear to Plaintiffs that Defendants are attempting to threaten and harm the Plaintiffs, to intentionally interfere with their business, with the intent to drive them from their business, steal their clients and cease broadcasting on YouTube." EGI asserted claims for statutory and common law misappropriation of trade secrets, tortious interference with existing and prospective contracts, and fraud, all of which incorporated the above-described allegations by reference.

DTP generally denied the allegations and filed a motion to dismiss under the TCPA and Texas Rule of Civil Procedure 91a. *See* TEX. CIV. PRAC. & REM. CODE § 27.003 (procedure for dismissal of legal action based on or in response to exercise of right of free speech); TEX. R. CIV. P. 91a ("Dismissal of Baseless Causes of Action"). DTP asserted that "[b]ecause Plaintiffs' claims are based exclusively on 'communication made in connection with a matter of public concern,'—i.e., the racist and criminal conduct of a YouTube personality and trading software vendor—Plaintiffs' own First Amended Petition establishes applicability of the TCPA." DTP also contended:

> To the extent that Plaintiffs may argue that their fraud and trade secrets claims are exempt from the TCPA, that argument will likewise fail. . . . Plaintiffs' fraud claim is actually a defamation claim for which

the statute of limitations has run. And Plaintiffs' trade secret claims are not of the type exempted as they are not "a legal action arising from an officer-director, employee-employer, or independent contractor relationship."

EGI filed a response asserting, among other things, (1) the TCPA is inapplicable because "there is no matter of public concern [and] no matter affecting the Defendants' right of free speech'"; (2) "[r]ather, the causes of action arise from the personal and business relationships of the parties, and the Defendants' improper use of that information to the detriment of the Plaintiff"; and (3) the petition "does not state or pursue any matter related to Section 27.010(b) of the Texas Civil Practice & Remedies Code which would entitle the Defendant to relief under this section." Additionally, as to its fraud claim, EGI asserted "Defendants fraudulently entered into business discussions with Plaintiffs with the intent to learn the business and trade secrets of the Plaintiffs, and to interfere with their existing and prospective contracts with vendors and customers for the benefit of Defendants," and "Plaintiffs relied on the representations made by the Defendants to their detriment."

At the hearing on the motion to dismiss, DTP argued EGI's action was "filed in retaliation . . . for [DTP] informing Plaintiffs' trading platform that he was breaking the rules," which is "a matter of public concern" and "precisely the speech the TCPA is meant to protect." EGI's counsel contended (1) "[t]his is a meritorious claim against a person who entered into negotiations with my client deceptively in order to steal his secrets" and (2) this lawsuit "falls right within" the exemption in

TCPA section 27.010(a)(5) regarding actions seeking recovery for trade secret misappropriation. Additionally, as to the fraud claim, EGI asserted that its petition gave fair notice it was contending "[c]ommunications were had between Marchi and [DTP] to go into business together and that was apparently all the fraud" and "was entirely to use the information gathered to disrupt his business, disrupt his customer base, and it was all a way to steal his secrets and harm his company to the advantage of [DTP]." Following the hearing, the trial court signed a September 19, 2022 order denying the TCPA motion to dismiss "in its entirety."[2]

**Analysis**

"The TCPA was designed to protect both a defendant's rights of speech, petition, and association and a claimant's right to pursue valid legal claims for injuries the defendant caused." *Montelongo v. Abrea*, 622 S.W.3d 290, 299 (Tex. 2021); *see* TEX. CIV. PRAC. & REM. CODE § 27.002. Generally, the act provides that "[i]f a legal action is based on or is in response to a party's exercise of the right of free speech, right to petition, or right of association or arises from any act of that party in furtherance of the party's communication or conduct described by Section 27.010(b), that party may file a motion to dismiss the legal action," *see* TEX. CIV. PRAC. & REM. CODE § 27.003(a), and the trial court "shall dismiss" it. *Id.*

---

[2] With regard to Rule 91a, the trial court's order (1) granted the Rule 91a motion to dismiss as to EGI's common law misappropriation of trade secrets claim; (2) gave EGI leave to replead its fraud claim but did not dismiss that claim; and (3) otherwise denied the Rule 91a dismissal motion. Those rulings are not at issue in this interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(12).

§ 27.005(b); *see also id.* § 27.001(3) ("'Exercise of the right of free speech' means a communication made in connection with a matter of public concern."). The party bringing the legal action can avoid dismissal if it "establishes by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c). But notwithstanding section 27.005(c), "the court shall dismiss a legal action against the moving party if the moving party establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." *Id.* § 27.005(d).

Section 27.010(a) describes types of actions exempt from the TCPA, including, among other things,

> (5) a legal action arising from an officer-director, employee-employer, or independent contractor relationship that:
> (A) seeks recovery for misappropriation of trade secrets or corporate opportunities; or
> (B) seeks to enforce a non-disparagement agreement or a covenant not to compete; [or]
> . . . .
> (12) a legal action based on a common law fraud claim.

*Id.* § 27.010(a). However, notwithstanding those exemptions, section 27.010(b) provides that the TCPA applies to legal actions against a person (1) arising from an act related to gathering or processing information "for communication to the public" for the creation or promotion of a journalistic or artistic work, *see id.* § 27.010(b)(1), or (2) "related to the communication, gathering, receiving, posting, or processing of consumer opinions or commentary, evaluations of consumer complaints, or reviews

or ratings of businesses," *see id*. § 27.010(b)(2). The nonmovant bears the burden of proving a statutory exemption. *See Kirkstall Rd. Enters., Inc. v. Jones*, 523 S.W.3d 251, 253 (Tex. App.—Dallas 2017, no pet.) (citing *Tervita, LLC v. Sutterfield*, 482 S.W.3d 280, 282 (Tex. App.—Dallas 2015, pet. denied)).

Whether the TCPA applies to a legal action is an issue of statutory interpretation we review de novo. *Temple v. Cortez Law Firm, PLLC*, 657 S.W.3d 337, 341–42 (Tex. App.—Dallas 2022, no pet.); *see Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 132 (Tex. 2019). Consistent with general rules of statutory construction, we ascertain and give effect to the legislature's intent as expressed in the statutory language, considering the specific language at issue and the TCPA as a whole, and we construe the statute's words according to their plain and common meaning unless a contrary intention is apparent from the context or unless such a construction leads to absurd results. *Temple*, 657 S.W.3d at 342. We consider, in the light most favorable to the nonmovant, the pleadings, evidence a court could consider under rule of civil procedure 166a, and supporting and opposing affidavits stating the facts on which the liability or defense is based. *Id*.; TEX. CIV. PRAC. & REM. CODE § 27.006(a). A claimant's pleadings are usually "the best and all-sufficient evidence of the nature of the action." *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017).

In two issues, DTP contends (1) the trial court erred by denying the TCPA motion to dismiss because DTP showed its "alleged actions and speech" are

protected by the TCPA and "[EGI] failed to present clear and specific evidence of a prima facie case" as to any of its claims, and (2) this case should be remanded to the trial court for consideration of attorney's fees to DTP "in relation to the dismissal of [EGI's] claims under the TCPA." According to DTP,

> Here, [EGI] did not deny that the communications at issue were related to criminal conduct—a matter of public concern. . . . [EGI] replied only to argue that the exception presented in Tex. Prac. & Rem. Code §27.010(a)(5) is applicable here. However, that section excepts from coverage under the TCPA "a legal action arising from an officer-director, employee-employer, or independent contractor relationship"—which is not at issue here whatsoever.

DTP asserts that "to the extent that [EGI] may argue that other exceptions under Tex. Civ. Prac. & Rem. Code §27.010 may apply," those arguments "were not raised in the court below" and thus have been "waived."

EGI argues the TCPA is inapplicable because, among other reasons, several of section 27.010(a)'s exemptions apply, including section 27.010(a)(12). EGI asserts:

> [T]he legal action seeks recovery of damages for the fraudulent conduct of the Defendants in seeking to enter into discussions to conduct business under false pretenses, and false statements made to established contracted vendors of the Plaintiff in an attempt to sabotage the established and future contracted relationships with such vendors. This is an exception to the [TCPA], which the trial court properly applied in denying this motion to dismiss.

Additionally, EGI contends both of section 27.010(b)'s exceptions to the act's exemptions are inapplicable and DTP has "not proved the relevance of either."

–9–

When a TCPA movant's burden to show applicability and a nonmovant's burden to prove an exemption are both challenged, this Court may consider the nonmovant's exemption first if it chooses to do so. *Temple*, 657 S.W.3d at 346 (citing TEX. R. APP. P. 47.1). Here, for efficiency purposes, we start with the TCPA's fraud exemption. *See id.*; TEX. CIV. PRAC. & REM. CODE § 27.010(a)(12).

First, we address DTP's contention that this exemption was "not raised in the court below" and thus was "waived." EGI's petition asserted (1) "[m]any client relationships and trade secrets were discussed with Mr. Cowart with the intent that they develop a synergistic business together or so Mr. Marchi was led to believe" and (2) the business discussions "were private and not meant for public disclosure or disclosure to any third party" but were later disclosed by DTP for its benefit. DTP's motion to dismiss stated "[t]o the extent that Plaintiffs may argue that their fraud . . . claims are exempt from the TCPA," that argument lacked merit because the fraud claim "is actually a defamation claim for which the statute of limitations has run." In response to DTP's motion to dismiss, EGI asserted DTP "fraudulently entered into business discussions with Plaintiffs with the intent to learn the business and trade secrets of the Plaintiffs, and to interfere with their existing and prospective contracts with vendors and customers for the benefit of Defendants," and "Plaintiffs relied on the representations made by the Defendants to their detriment." Additionally, at the hearing, EGI asserted that its claims were based on DTP entering into negotiations "deceptively" to steal EGI's secrets.

–10–

On this record, we conclude EGI's argument regarding the TCPA's fraud exemption was preserved for this Court's review. *See Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 896–97 (Tex. 2018) (concluding argument was preserved for appellate review where party addressed concerns at TCPA hearing); *see also Greene v. Farmers Ins. Exch.,* 446 S.W.3d 761, 764 n.4 (Tex. 2014) (parties may construct new arguments on appeal in support of issues raised below).

Next, as described above, section 27.010(a)(12) states the TCPA does not apply to "a legal action based on a common law fraud claim." TEX. CIV. PRAC. & REM. CODE § 27.010(a)(12). EGI asserted repeatedly in the trial court that its claims were premised on DTP fraudulently entering into business discussions to obtain information it then used to harm EGI. Thus, the record demonstrates EGI's lawsuit is "a legal action based on a common law fraud claim." *See Baylor Scott & White v. Project Rose MSO, LLC*, 633 S.W.3d 263, 285 & n.13 (Tex. App.—Tyler 2021, pet. denied) (concluding fraud claim and all claims "based on the alleged fraudulent scheme" were exempt from TCPA under § 27.010(a)(12)). DTP does not challenge or address EGI's assertion that section 27.010(b)'s exceptions are inapplicable, nor does the record show either of those exceptions applies. We conclude EGI met its burden to show its legal action is exempt from the TCPA pursuant to section 27.010(a)(12). Thus, the trial court did not err by denying the TCPA motion to dismiss. We need not address DTP's remaining issue. *See* TEX. R. APP. P. 47.1.

–11–

We affirm the trial court's order.

                    /Cory L. Carlyle/
                    CORY L. CARLYLE
                    JUSTICE

221061F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DAY TRADER PARADISE, LLC, AND JOHN MATTHEW COWART, Appellants

No. 05-22-01061-CV        V.

VINCENT MARCHI AND EGI ECCLESIASTES GLOBAL INVESTMENT TECHNOLOGIES, LLC, Appellees

On Appeal from the 416th Judicial District Court, Collin County, Texas Trial Court Cause No. 416-01803-2022.
Opinion delivered by Justice Carlyle. Justices Goldstein and Kennedy participating.

In accordance with this Court's opinion of this date, the trial court's order denying appellants' motion to dismiss pursuant to the Texas Citizens Participation Act is **AFFIRMED**.

It is **ORDERED** that appellees VINCENT MARCHI AND EGI ECCLESIASTES GLOBAL INVESTMENT TECHNOLOGIES, LLC recover their costs of this appeal from appellants DAY TRADER PARADISE, LLC, AND JOHN MATTHEW COWART.

Judgment entered April 17, 2023