**Affirmed and Opinion Filed September 26, 2023**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01374-CV**

**QUALITY CLEANING PLUS, INC., Appellant**
**V.**
**PREFERRED STAFF, LLC, Appellee**

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-08606**

# MEMORANDUM OPINION

Before Justices Carlyle, Smith, and Kennedy
Opinion by Justice Carlyle

In this interlocutory appeal, Quality Cleaning Plus, Inc. (QCP) challenges the

trial court's order denying its TCPA[1] motion to dismiss a July 28, 2022 lawsuit filed

by Preferred Staff, LLC (Preferred). We affirm in this memorandum opinion. *See*

TEX. R. APP. P. 47.4.

**Background**

---

[1] The Texas Citizens Participation Act, TEX. CIV. PRAC. & REM. CODE §§ 27.001–.011 ("Actions Involving the Exercise of Certain Constitutional Rights"). Because the legal action at issue here was filed after September 1, 2019, the TCPA's 2019 amendments apply in this case. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, 2019 Tex. Sess. Law Serv. 684 (codified at TEX. CIV. PRAC. & REM. CODE §§ 27.001, .003, .005–.007, .0075, .009–.010).

Preferred's live petition states it is "a staffing and search firm that services hotels, motels and other hospitality providers by providing permanent and temporary placements of employees and support teams." It provides its employees with "confidential resources," including "an extensive database detailing confidential business information," and requires its employees to sign non-disclosure and non-compete agreements.

According to the petition, (1) former Preferred employee Richard Cardona "spent almost one (1) year of his employment plotting his departure from Preferred and joining Quality Cleaning Plus to directly compete against Preferred"; (2) "it appears that Cardona operated the competing business of Quality Cleaning Plus out of Preferred's office"; (3) defendants QCP and Cardona "without authorization or consent, have wrongfully accessed, used, disclosed, and/or maintained possession of trade secrets and/or other confidential and proprietary information belonging to Plaintiff"; and (4) QCP and Cardona "worked together to take evasive maneuvers to prevent Preferred from tracking both the clients with whom [Cardona] communicated about available jobs and the prospective candidates whom he solicited for those positions."

Preferred asserted causes of action against QCP and Cardona for (1) "misappropriation of confidential information and trade secrets and violation of the Texas Uniform Trade Secrets Act," (2) conversion regarding trade secrets and confidential and proprietary information, (3) "tortious interference with existing and

prospective contractual relationships," (4) unjust enrichment, and (5) civil conspiracy. Preferred also asserted claims against Cardona for breach of contract and "breach of the duty of loyalty and fiduciary duties" and a claim against QCP for "aiding and abetting."

QCP and Cardona filed separate general denial answers and asserted various affirmative defenses. Additionally, QCP filed a timely TCPA motion to dismiss "all of the claims brought by Plaintiff." The dismissal motion asserted:

> The claims against Cardona implicate and form the basis for the claims against QCP, Inc. . . . .
> . . . Plaintiff's suit is based on, relates to, and/or is in response to the exercise of the right of association because it is based on Cardona associating with QCP, Inc., for the alleged purpose (according to Plaintiff) of taking business away from Plaintiff. . . . Such allegations directly implicate the TCPA, and Plaintiff cannot introduce clear and specific evidence of each element of its claims.
> . . . .
> . . . The Petition also accuses QCP, Inc., of using information, which would include information about a good, product, or service being offered in the marketplace. . . . Such allegations implicate the right of free speech under the TCPA.

In its response to the motion to dismiss, Preferred contended (1) "Defendants have not exercised any constitutional rights which are protected by the TCPA"; (2) its legal action is exempt from TCPA dismissal; (3) it "nonetheless has presented a prima facie case"; and (4) "QCP has not submitted any evidence to the Court in support of any of its affirmative defenses." Preferred's response included evidentiary attachments.

–3–

At the hearing on the TCPA motion to dismiss, QCP argued that the act "does carve out certain exceptions that would make a TCPA motion inapplicable in certain situations" and "that may be the case for the Defendant Cardona," but "the TCPA, it specifically is applicable for competitors; that is, a competitor cannot seek to use a lawsuit to stifle competition." QCP's counsel also stated:

> Exemption 5, a legal action arising from an officer/director, employee/employer or independent contractor relationship, we don't dispute that. What we dispute is that QCP, Inc., was any of those things. That QCP was never in an officer or director relationship with Preferred, they were never in an employer/employee relationship with Preferred, and they were never in an independent contractor relationship. And so because of that, the TCPA does apply to the claims brought against QCP.

Preferred argued the TCPA is inapplicable pursuant to (1) section 27.010(a)(2)'s "commercial speech exemption"; (2) section 27.010(a)(5)'s "covenant not to compete exemption" because this is a legal action "arising from" an employee-employer relationship and seeking the relief described in that section; and (3) this Court's holding in *Dyer v. Medoc Health Services, LLC*[2] and subsequent cases that the TCPA generally does not apply to private communications in business disputes lacking public relevance beyond the private parties' pecuniary interests.

---

[2] 573 S.W.3d 418 (Tex. App.—Dallas 2019, pet. denied); *see also McLane Champions, LLC v. Houston Baseball Partners LLC*, 671 S.W.3d 907, 919–20 & n.11 (Tex. 2023) (citing *Dyer* with approval and stating that construing pre-2019 TCPA term "common interest" to "include a public component" is "congruent with the statute as a whole").

Preferred also argued that though further analysis was thus unnecessary, it had established a prima facie case for its claims.[3]

The trial court signed an order denying QCP's TCPA motion to dismiss "in all respects" without stating the basis for its ruling.[4]

**Standard of review and applicable law**

"The TCPA was designed to protect both a defendant's rights of speech, petition, and association and a claimant's right to pursue valid legal claims for injuries the defendant caused." *Montelongo v. Abrea*, 622 S.W.3d 290, 299 (Tex. 2021); *see* TEX. CIV. PRAC. & REM. CODE § 27.002. Generally, "[i]f a legal action is based on or is in response to a party's exercise of the right of free speech, right to petition, or right of association[5]. . . , that party may file a motion to dismiss the legal action" and the trial court "shall" dismiss it unless the party bringing the legal action "establishes by clear and specific evidence a prima facie case for each essential

---

[3] Though Cardona's counsel attended the hearing and the trial court offered him the opportunity to be heard, he declined that opportunity and responded, "This is not my motion, so I was just standing by watching." Cardona did not file a notice of appeal and has not filed a brief in this Court.

[4] The order also provided that Preferred "may, if it so elects, file a motion to recover its costs and attorney's fees and set same to be heard." A week later, Preferred filed a motion for TCPA attorney's fees. That motion was pending when this appeal was filed. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(b) (providing for stay of trial court proceedings pending resolution of TCPA interlocutory appeal).

[5] "'Exercise of the right of association' means to join together to collectively express, promote, pursue, or defend common interests relating to a governmental proceeding or a matter of public concern." TEX. CIV. PRAC. & REM. CODE § 27.001(2). "'Exercise of the right of free speech' means a communication made in connection with a matter of public concern." *Id.* § 27.001(3). "'Matter of public concern' means a statement or activity regarding: (A) a public official, public figure, or other person who has drawn substantial public attention due to the person's official acts, fame, notoriety, or celebrity; (B) a matter of political, social, or other interest to the community; or (C) a subject of concern to the public." *Id.* § 27.001(7).

–5–

element of the claim in question." TEX. CIV. PRAC. & REM. CODE §§ 27.003(a), 27.005.

But TCPA section 27.010(a) describes multiple exemptions to the act. Pursuant to section 27.010(a)(2), the TCPA does not apply to:

> (2) a legal action brought against a person primarily engaged in the business of selling or leasing goods or services, if the statement or conduct arises out of the sale or lease of goods, services, . . . or a commercial transaction in which the intended audience is an actual or potential buyer or customer[.]

Additionally, the act's 2019 amendments added an exemption for:

> (5) a legal action arising from an officer-director, employee-employer, or independent contractor relationship that:
> (A) seeks recovery for misappropriation of trade secrets or corporate opportunities; or
> (B) seeks to enforce a non-disparagement agreement or a covenant not to compete[.]

*Id.* § 27.010(a)(5). The TCPA nonmovant bears the burden of proving a statutory exemption. *See Kirkstall Rd. Enters., Inc. v. Jones*, 523 S.W.3d 251, 253 (Tex. App.—Dallas 2017, no pet.) (citing *Tervita, LLC v. Sutterfield*, 482 S.W.3d 280, 282 (Tex. App.—Dallas 2015, pet. denied)).

Whether the TCPA applies to a legal action is an issue of statutory interpretation we review de novo. *Temple v. Cortez Law Firm, PLLC*, 657 S.W.3d 337, 341–42 (Tex. App.—Dallas 2022, no pet.). This Court may consider an exemption before addressing the movant's burden to show TCPA applicability. *Id.* at 346 (citing TEX. R. APP. P. 47.1).

**Analysis**

QCP asserts (1) "[t]he issue presented in this appeal is whether the trial court erred in denying Appellant's Motion to Dismiss under the [TCPA] based on Plaintiff's claims of tortious interference with contract, misappropriation of trade secrets, and breach of contract," and (2) "[s]pecifically, the issues presented are whether Appellant's actions are protected under the TCPA, whether Appellee has provided clear and specific evidence to support their claims." QCP contends:

> Appellee's suit is based on, relates to, and/or is in response to the exercise of the right of association because it is based on Cardona associating with Appellant for the alleged purpose of taking business away from Appellee. Appellee's suit is also based on, relates to, and/or is in response to Appellant's exercise of the right of free speech because it is based on Appellant's alleged use and disclosure of information. Such allegations directly implicate the TCPA, and Appellee failed to introduce clear and specific evidence of each element of its claims.

Preferred responds that it should prevail on appeal due to, among other things, QCP's "[f]ailure to argue an issue necessary to win [this] appeal." Preferred contends QCP "assumes" the TCPA applies despite Preferred's assertions in the trial court that the TCPA is inapplicable based on two statutory exemptions—sections 27.010(a)(2) and 27.010(a)(5)—and this Court's holdings in *Dyer* and subsequent cases regarding private communications in business disputes.

"When a separate and independent ground that supports a ruling is not challenged on appeal, we must affirm the lower court's ruling." *In re Ruff Mgmt. Trust*, No. 05-21-00937-CV, 2023 WL 4446297, at *2 (Tex. App.—Dallas July 11,

2023, no pet.) (mem. op.). Here, Preferred argued in the trial court that the TCPA is inapplicable on several bases, each of which constituted an independent ground that could support the trial court's ruling. *See* TEX. CIV. PRAC. & REM. CODE §§ 27.010(a)(2), 27.010(a)(5); *Dyer*, 573 S.W.3d at 427–28; *see also Baylor Scott & White v. Project Rose MSO, LLC*, 633 S.W.3d 263, 285–86 (Tex. App.—Tyler 2021, pet. denied) (concluding that "arising from" in § 27.010(a)(5) means "to originate; to stem from," and rejecting argument that party against whom the "arising from an independent contractor relationship" exemption applies must be a party to the contract involved). QCP did not address or mention any of these bases in its appellate brief. Because QCP failed to challenge every independent basis supporting the trial court's ruling, we must affirm that ruling. *Ruff Mgmt. Trust*, 2023 WL 4446297, at *2; *Duncan v. Acius Grp., LP*, No. 05-18-01432-CV, 2019 WL 4392507, at *6 (Tex. App.—Dallas Sept. 13, 2019, no pet.) (mem. op.); *Morrison v. Profanchik*, No. 05-17-00680-CV, 2018 WL 4090635, at *4 (Tex. App.—Dallas Aug. 28, 2018, pet. denied) (mem. op.).

The Court has considered Preferred's request for sanctions on the basis that this appeal is frivolous, but at this time declines to order sanctions. *See* TEX. R. APP. P. 45. We have considered the parties' relative positions and their legal merit. We have considered QCP's meager briefing before this Court. We have considered QCP's counsel's performance during oral argument, including a representation that this was counsel's first appellate proceeding. At this time, based on our analysis of

–8–

all factors appearing in the "record, briefs, or other papers filed" in this court, we will not order sanctions. *See id.*

Separately, the trial court's ability to grant sanctions to Preferred remains pending in the trial court as the case moves forward. *See* TEX. CIV. PRAC. & REM. CODE § 27.009(b). And, neither we nor the trial court may be the last word on sanctions; should this appeal proceed before the Texas Supreme Court, that court may undertake a separate inquiry to determine "that a direct appeal or a petition for review is frivolous" and may award "just damages." *See* TEX. R. APP. P. 62.

We affirm the trial court's order denying QCP's TCPA motion to dismiss.


/Cory L. Carlyle/
221374f.p05                           CORY L. CARLYLE
Smith, J., concurring               JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

QUALITY CLEANING PLUS, INC., Appellant

No. 05-22-01374-CV     V.

PREFERRED STAFF, LLC, Appellee

On Appeal from the 134th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-22-08606. Opinion delivered by Justice Carlyle. Justices Smith and Kennedy participating.

In accordance with this Court's opinion of this date, the order of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee PREFERRED STAFF, LLC recover its costs of this appeal from appellant QUALITY CLEANING PLUS, INC.

Judgment entered this 26th day of September, 2023.