

# NUMBER 13-21-00124-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**KIMBERLY DAWN DAY AND**
**REBECCA B. DAY,**                                                                 **Appellants,**

**v.**

**JOHN MCHAZLETT,**                                                                 **Appellee.**

---

### On appeal from the County Court at Law No. 2
### of Galveston County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Silva**
**Memorandum Opinion by Justice Longoria**

Appellants Kimberly Dawn Day and Rebecca B. Day challenge the trial court's denial of their motion to dismiss appellee John McHazlett's defamation, intentional infliction of emotional distress, and theft of property suit pursuant to the Texas Citizen's Participation Act (TCPA). By their sole issue, appellants assert that it was error to deny

their TCPA motion to dismiss. We affirm.

## I.     BACKGROUND[1]

Kimberly was an employee of McHazlett's company, Elizabethtown Properties, LLC (Elizabethtown). Kimberly was terminated from her employment after just over a week of employment. The parties dispute the reason for Kimberly's termination—Kimberly asserts her termination was retaliation for her refusal of McHazlett's sexual advances, and McHazlett asserts Kimberly was fired for failure to complete certain job tasks assigned to her. After her termination, Kimberly's attorney sent a demand letter to McHazlett, informing him that Kimberly was filing a sexual harassment complaint against him and Elizabethtown. Kimberly asserted that McHazlett exposed his penis and testicles to her as an attempted sexual advance, which she "rebuffed." The demand letter alleged that because of her refusal of McHazlett's sexual advance, Kimberly was fired via e-mail the next calendar day. The demand letter stated: "If we are unable to resolve this matter, [Kimberly] will file a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission [EEOC], and then follow up with a lawsuit as allowed by law." No response was received. Kimberly's lawyer sent another e-mail to McHazlett and Jonathan Cottrell, an individual whom Kimberly addressed as "managing partner" of Elizabethtown. The e-mail included a draft charge of discrimination to the EEOC. The charge of discrimination was subsequently filed with the EEOC on March 13, 2020, and was still pending when this appeal was filed.

---

[1] This case is before this Court on transfer from the First Court of Appeals in Houston pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. §§ 22.220(a) (delineating the jurisdiction of appellate courts), 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

In October 2020, McHazlett, through his attorney, sent demand letters to Kimberly and her attorney, alleging that Kimberly's allegations against him were false and that her actions in filing the charge of discrimination with the EEOC, repeating the allegations to members of McHazlett's church, and copying Cottrell, whom McHazlett argues is not a "managing partner" but rather an employee of Elizabethtown, on the correspondence relating to the allegations constituted defamation. The demand requested immediate retraction of the statements by Kimberly. McHazlett's attorney also sent a letter to Rebecca, Kimberly's mother, asserting that it was "discovered" that Rebecca "repeated slanderous statements to members" of the church that she and McHazlett attended. The demand also requested Rebecca retract her statements. Neither Kimberly nor Rebecca made any retractions and McHazlett filed suit against them, bringing claims for defamation, defamation of character, slander, and intentional infliction of emotional distress. McHazlett also brought separate claims of libel and theft of property against Kimberly.

Appellants moved to dismiss McHazlett's suit under the TCPA and a hearing was set. McHazlett filed a motion for limited discovery to oppose the TCPA motion to dismiss and sought to reset the hearing pending discovery. He also filed a response to the TCPA motion. The court did not reset the hearing on the TCPA motion to dismiss. After the hearing, the trial court denied appellants' TCPA motion to dismiss. This appeal ensued.

**II.    TCPA**

In their sole issue on appeal, appellants challenge the trial court's denial of their TCPA motion to dismiss.

3

**A.     Standard of Review & Applicable Law**

The stated purpose of the TCPA is to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002.[2] When a legal action is based on one of the enumerated rights in the TCPA, the aggrieved party may move to dismiss the action. *Id.* § 27.003(2).

A trial court's ruling on a motion to dismiss under the TCPA is reviewed de novo, as is the court's determination on the statutory interpretation of the TCPA. *See Dall. Morning News, Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019); *Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018). "The court first examines whether the defendant invoked the TCPA by showing, by a preponderance of the evidence, that the plaintiff's claim 'is based on, relates to, or is in response to the [Defendant's] exercise of: (1) the right of free speech; (2) the right to petition; or (3) the right of association.'" *Darnell v. Rogers*, 588 S.W.3d 295, 300 (Tex. App.—El Paso 2019, no pet.) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b)). If the movant meets its burden, the court then looks to whether the nonmovant has "establishe[d] by clear and specific evidence a prima facie case for each essential element of the claim in question." TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c); *see Darnell*, 588 S.W.3d at 300–01. If the nonmovant fails to meet his burden under the

---

[2] Section 27.010 of the TCPA was amended in 2021. *See* Act of May 27, 2021, 87th Leg., R.S., ch. 915, § 3.001, sec. 27.010, 2021 TEX. SESS. LAW SERV. Ch. 915. The amendment was made to confirm numbering references to the Texas Code of Criminal Procedure, but does not substantively change the text of § 27.010. *See id.* In any event, the instant suit was filed before the effective date of the amended statute. *See id.* § 22.001. All references to the TCPA are to the version that applies to this dispute.

second step, his claim must be dismissed. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b). However, if the nonmovant meets his burden under the second step, the third step still requires dismissal if the movant demonstrates by a preponderance of evidence "each essential element of a valid defense to the nonmovant's claim." *Id.* § 27.005(d). We look to all "the pleadings, evidence a court could consider under Rule 166a, Texas Rules of Civil Procedure, and supporting and opposing affidavits stating the facts on which the liability or defense is based." *Id.* § 27.006.

## B.    Matter of Public Concern

Appellants assert that the TCPA applies to McHazlett's claims because he filed his suit in response to statements appellants made regarding McHazlett's alleged sexual harassment of Kimberly, which they claim constituted an exercise of their free speech rights. "Exercise of the right of free speech" means "a communication made in connection with a matter of public concern." *Id.* § 27.001(3). There is no dispute that McHazlett's claims are based on statements, oral and in writing, made by both appellants, meeting the communication prong. *See id.* Accordingly, we must determine whether those communications are made in connection with a matter of public concern. *See id.*

"Matter of public concern" means a statement or activity regarding:

(A)    a public official, public figure, or other person who has drawn substantial public attention due to the person's official acts, fame, notoriety, or celebrity;

(B)    a matter of political, social, or other interest to the community; or

(C)    a subject of concern to the public.

*Id.* § 27.001(7). Appellants argue that the allegation of sexual harassment is a "matter of

5

political and social interest to the community." Appellants rely on *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 510 (Tex. 2015) (per curiam), to support their position. While *Lippincott* does involve allegations of sexual harassment, in that case the Texas Supreme Court found that the communications were made in connection with a matter of public concern because they were related to the provision of medical services by a health care professional. *See id.*

Appellants also cite to two federal cases to support their position that sexual harassment allegations are a matter of public concern. *See Wilson v. UT Health Ctr.*, 973 F.2d 1263, 1269 (5th Cir. 1992); *see also Hammond v. Lovings*, No. 5:15-CV-00579-RP, 2016 WL 9049579, at *3 (W.D. Tex. May 25, 2016). In *Wilson*, a female police officer reported allegations of sexual harassment against male officers. *Wilson*, 973 F.2d. at 1266. The female officer was subsequently demoted and discharged from her position, which she alleged was done in retaliation for her reports of sexual harassment. *Id.* In determining whether the female officer's allegations of sexual harassment were matters of public concern, the Fifth Circuit determined "the content of [the female officer's] speech—reports of sexual harassment perpetrated on her and other women at UTHC— is of great public concern." *Id.* at 1269. The Fifth Circuit indicated, in part, that speech "concerning public official misconduct" is a matter of "public concern." *Id.* Citing to *Wilson*, the court in *Hammond* determined that allegations of sexual harassment against "a federal employee tasked with determining compliance with federal law in a federal facility" were of "great public concern." *Hammond*, 2016 WL 9049579, at *3.

6

We find *Wilson* and *Hammond* to be distinguishable from the case before this Court. Here, we do not have a public official or government employee being accused of sexual harassment. The harassment allegation against McHazlett is alleged to have occurred in a private employment office setting. While we are not belittling the nature of the allegation against McHazlett, we do not find that allegations against a private employer under these facts rise to the level of a matter of public concern.[3]

Appellants further argue that McHazlett's suit against them related to their exercise of their right of association. "'Exercise of the right of association' means to join together to collectively express, promote, pursue, or defend common interests relating to a *governmental proceeding or a matter of public concern*." TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(2) (emphasis added).[4] There is no argument that the alleged communications related to a governmental proceeding and, having already determined that the allegation of sexual harassment against McHazlett is not a matter of public concern, we need not address this argument further.

We conclude appellants failed to establish by a preponderance of the evidence that McHazlett's claims are based on, related to, or in response to appellants' exercise of their right to free speech or right to association as defined by the TCPA.

---

[3] In one sentence, appellants also generally assert that "[t]he #metoo movement is known throughout this Country, and Courts recognize its public concern and importance." Appellants cite no authority to support this assertion, nor do they attempt to draw connections between the case before this Court and the "#metoo movement" aside from this blanket assertion. To the extent that appellants are claiming the "#metoo movement" supports their argument, we find this argument to be inadequately briefed. *See* TEX. R. APP. P. 38.1(i).

[4] We note that appellants cite a prior version of § 27.001(2) which stated the "'exercise of the right of association' means a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(2), *amended by* Acts 2019, 86th Leg., ch. 378 (H.B. 2730), eff. Sept. 1, 2019.

## C.    Right to Petition

Appellants also assert that part of McHazlett's suit was in response to Kimberly's right to petition. Appellants contend Kimberly's e-mail to McHazlett and Cottrell constituted the exercise of her right to petition because it was "communication that is reasonably likely to encourage consideration or review of an issue by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding." *Id.* § 27.001(4)(C). Aside from citing a portion of the TCPA's definition for "right to petition," appellants present no authority or argument to support their contention that an e-mail sent containing a draft of a charge of discrimination constitutes an exercise of the right to petition. *See* TEX. R. APP. P. 38.1(i). McHazlett's claims against appellants did not challenge Kimberly's filing of a charge of discrimination with the EEOC; rather, McHazlett alleged defamation when Kimberly sent the allegations in draft format, copying Cottrell on the e-mail. Appellants cite no support for the proposition that an e-mail containing a draft of a potential EEOC complaint sent to a third-party employee of a private employer is "likely to encourage consideration or review of an issue by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding." TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(4)(C).

We conclude appellants failed to establish by a preponderance of the evidence that McHazlett's claims are based on, related to, or in response to appellant's exercise of their right to petition as defined by the TCPA.

## D.    Summary

Because appellants failed to satisfy their initial burden of establishing by a

8

preponderance of the evidence that the TCPA applies to McHazlett's claims, the trial court did not err by denying the motion to dismiss. *See Tervita, LLC, v. Sutterfied*, 482 S.W.3d 280, 287 (Tex. App.—Dallas 2015, pet. denied) (concluding that because appellant failed to meet its burden of showing TCPA applied to appellees' claim, appellate court need not address other prongs of TCPA analysis).

### III. CONCLUSION

We affirm the trial court's order denying appellants' motion to dismiss.

NORA L. LONGORIA
Justice

Delivered and filed on the
9th day of March, 2023.

9